UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIO BUTTO, LAKESHA HOUSER, )<br>*on behalf of themselves and all others* )<br>*similarly situated*, )<br>)<br>Plaintiffs, )<br>)<br>-against- )<br>)<br>COLLECTO, INC. D/B/A EOS/CCA, )<br>)<br>Defendant. )<br>) | Civil Action No.:  2:10-cv-02906(ADS)(AKT)<br><br><br><br><br><br>**AMENDED CLASS ACTION**<br>**COMPLAINT**<br>**JURY DEMANDED** |

**AMENDED CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF FEDERAL AND STATE**
<u>**CONSUMER PROTECTION STATUTES**</u>

For their Amended Complaint, the Plaintiffs, Victoria Butto and Lakesha Houser, by and

through their undersigned counsel, pleading in their own behalf and on behalf of all others similarly

situated state as follows:

<u>**JURISDICTION**</u>

1.      Plaintiffs, VICTORIA BUTTO ("Butto") and LAKESHA HOUSER ("Houser," and

together with Butto, the "Plaintiffs") file this Class Action Complaint ("Complaint") seeking redress

for the unlawful, predatory consumer debt collection practices engaged in by the Defendant,

COLLECTO, INC. d/b/a EOS/CCA ("Collecto"). Collecto conducts its debt collection business in

flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA")

by attempting to collect amounts not owed and failing to notify consumers of the amount of the

debt.

2.      This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28

U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3.      This Court should exercise Supplemental Jurisdiction over the New York State claims asserted herein pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.      Butto is an individual residing in Islip, New York.

6.      Houser is an individual residing in Brooklyn, New York.

7.      Both Butto and Houser are "consumers" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debts that the Defendant sought to collect from them were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

8.      Collecto is, upon information and belief, a Massachusetts entity authorized to conduct business in the State of New York with its principal place of business at 700 Longwater Drive, Norwell, Massachusetts, 02061. Collecto maintains offices for the transaction of its business within the State of New York at 300 Canal View Boulevard, Suite 130, Rochester, NY 14623.

9.      Collecto is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business.  As such, Collecto is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.  The Accounts**

10.      In or before February, 2010, the Plaintiffs entered into agreements with cellular service providers (the "Accounts"): Butto with Verizon Wireless and Houser with AT&T Mobility (Verizon Wireless and AT&T Mobility are hereinafter referred to as the "Original Creditors").

11.      The Accounts subsequently went into arrears.

12.     The Original Creditors transferred the Accounts to Collecto for collection.

13.     Thereafter, Collecto sent to each Plaintiff a collection letter in attempts to collect the

Accounts.

**B.     The Collection Fees**

14.     On or about February, 2010, the Plaintiffs received the collection letters from

Collecto dated February 10, 2010 and February 11, 2010, respectively (the "Letters").  Copies of the

Letters are annexed hereto and made a part of this Complaint as Exhibit A[1] and Exhibit B[2].

15.     The total amount Collecto sought included "Fees/Coll Costs" ("Collection Fees") in

addition to a "principal" amount.

16.     The relevant portions of the Letters are produced herewith:

Exhibit A (the Butto Letter)

**NOTICE OF COLLECTION PLACEMENT**

RE:
Your Account with our Client: VERIZON WIRELESS
Client Reference #: 068258801600001
Agency Account #: 12-8409462
Original Creditor, if different from Client:

| | | |
|---|---|---|
| Principal: | $ | 379.31 |
| Interest: | $ | 0.00 |
| Fees/Coll Costs: | $ | 68.27 |
| Other Accounts: | $ | 0.00 |
| Total Due: | $ | 447.58 |

VERIZON WIRELESS has placed your account with us for collection.  This is a demand for payment of your debt.  We urge you to remit payment to our office, unless you dispute this debt.  If you dispute this debt, please see the reverse side of this notice for important rights.

Exhibit B (the Houser Letter)

**NOTICE OF COLLECTION PLACEMENT**

RE:
Your Account with our Client: AT&T MOBILITY
Client Reference #: 512046431367
Agency Account #: 11-40381833
Original Creditor, if different from Client:

| | | |
|---|---|---|
| Principal: | $ | 184.94 |
| Interest: | $ | 0.00 |
| Fees/Coll Costs: | $ | 33.29 |
| Other Accounts: | $ | 0.00 |
| Total Due: | $ | 218.23 |

AT&T MOBILITY has placed your account with us for collection.  This is a demand for payment of your debt.  We urge you to remit payment to our office, unless you dispute this debt.  If you dispute this debt, please see the reverse side of this notice for important rights.

---

[1] Attached as Exhibit A is a copy of a letter dated February 11, 2010, from Collecto received by Butto.
[2] Attached as Exhibit B is a copy of a letter dated February 10, 2010, from Collecto received by Houser.

17.     The Collection Fee in each instance was eighteen (18) percent of the principal amount[3].

18.     The Collection Fee represented Collecto's anticipated compensation for collecting the Accounts.

19.     The Collection Fee was a contingent fee agreed to by Collecto and each of the Original Creditors, *i.e.* the Collection Fee was a predetermined percentage of the total amount recovered for each Original Creditor.

20.     Only when Collecto was successful in recovering all or part of the principal amount was it entitled to its contingent fee.

21.     If Collecto did not recover funds it was not entitled to any fees.

22.     At the time the Letters were sent to the Plaintiffs no funds had been recovered by Collecto on behalf of the Original Creditors.

23.     Because nothing had been recovered, Collecto was not entitled to its contingent compensation and the Plaintiffs were not liable for the Collection Fees.

24.     The Collection Fees bear no relation to and are substantially greater than costs actually incurred by Collecto or the Original Creditors in their attempts to collect the Accounts.

## C.  Collecto's Collection Fees Deceive and Mislead Consumers

25.     Upon information and belief, the Letters are examples of form letters, substantially similar to thousands of letters sent to consumers across the country.

26.     In each instance Collecto attempted to collect a Collection Fee which had not been incurred.

---

[3] Exhibit A - The $68.27 Collection Fee equals 17.99% of the $379.31 principal; Exhibit B – The $33.29 Collection Fee equals 18.00% of the $184.94 principal.

27.     This practice misleads consumers by creating the false impression that consumers have incurred a collection fee due and owing.

28.     Collecto's practice misleads consumers by creating the false impression that the eighteen (18) percent collection fee accurately states the costs incurred by the original creditor in connection with collection of accounts.

## CLASS ACTION ALLEGATIONS

### A.  The Class

29.     Plaintiffs bring this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

30.     Plaintiffs propose two classes defined as follows:

Class A

**All consumers in the State of New York who were sent a collection letter by the Defendant within one year prior to the filing of this action and which was not returned as undeliverable which  included a collection fee for Verizon or AT&T service which had not been incurred.**

Class B

**All consumers in the State of New York from whom Defendant collected unauthorized 'collection fees.'**

### B.  Numerosity

31.     The Letters are mass-mailed form letters.  Therefore, the members of the Class are believed to be so numerous that joinder of all members is impractical.

32.     Upon information and belief, Collecto transmits thousands of similar Letters to consumers which misrepresent the amount the consumer actually owes.  In each instance, Collecto charges the consumer with an illegal and unauthorized collection fee.

33.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from the Defendant's records.

34.     Plaintiffs reasonably believe that there are thousands of consumers who are members of each Class.

## C.  Common Questions of Law and Fact

35.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

36.     The questions of law and fact common to the Class concern whether the Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807, 808 and 809 of the FDCPA.

37.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

        a.  Did the Defendant violate 15 U.S.C. §1692e(2) by falsely stating the amount, character and legal status of the debt and by falsely setting forth Collecto's compensation?

        b.  Did the Defendant violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts?

        c.  Did the Defendant violate 15 U.S.C. §1692f(1) by attempting to collect a collection fee not expressly authorized by the agreement creating the debt or permitted by law?

d. Did the Defendant violate 15 U.S.C. §1692g(a)(1) by failing to notify consumers of the actual amount of the debt?

e. Did Defendant violate section GBL Section 349?

f. Did Defendant defraud consumers from who it collected unauthorized and illegal 'collection fees?'

## D. Typicality

38.     Plaintiffs' claims are typical of the claims of the Class members since each of the claims arises from receipt of a letter substantially similar to the Letters in which Collecto charges an illegal collection fee.

## E. Protecting the Interests of the Class Members

39.     Plaintiffs will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendant's unlawful and wrongful conduct.

40.     All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

41.     Plaintiffs have retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F. Proceeding Via Class Action is Superior and Advisable

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

43.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

44.     The members of the Class are generally unsophisticated individuals, whose rights

will not be vindicated in the absence of a class action.

45.     The class treatment of common questions of law and fact is also superior to multiple

individual actions or piecemeal litigation in that it conserves the resources of the court and the

litigants and promotes consistency and efficiency of adjudication.

46.     Prosecution of separate actions could result in inconsistent or varying adjudications

with respect to individual class members that would establish incompatible standards of conduct for

the Defendant and other Debt Collectors.  Conversely, adjudications with respect to individual class

members would be dispositive of the interest of all other class members.

47.     The amount of money at issue is such that proceeding by way of a class action is the

only economical and sensible manner in which to vindicate the injuries sustained by the Plaintiffs

and the other members of the Class.

<u>COUNT I</u>
**Violations of FDCPA**
**Section 807(2), 15 U.S.C. § 1692e(2) by**
<u>**Use of Deception to Collect a Debt**</u>

48.     Each and every allegation contained in paragraphs 1 through 47 of this Complaint is

repeated, realleged and incorporated herein by reference.

49.     FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading**
> **representation or means in connection with the collection of**
> **any debt. Without limiting the general application of the**
> **foregoing, the following conduct is a violation of this section . . .**
>
> ****
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt;**
> > **or**

**(B) any services rendered or compensation which may
be lawfully received by any debt collector for the
collection of a debt.**

50.    The acts and practices complained in this Complaint constitute the false

representation of the character, amount and legal status of the debt and the false representation of

Collecto's compensation, in violation of 15 U.S.C. §1692e(2)

51.    By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed

for herein.

## COUNT II
### Violations of FDCPA
### Section 807(10), 15 U.S.C. § 1692e(10) by
### Use of Deception to Collect a Debt

52.    Each and every allegation contained in paragraphs 1 through 51 of this Complaint is

repeated, realleged and incorporated herein by reference.

53.    FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

**A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of
any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section . . .**

****

**(10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer.**

54.    The acts and practices complained in this Complaint constitute the use of false

representations and deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer, in violation of 15 U.S.C. §1692e(10).

55.    By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed

for herein.

9

## COUNT III
### Violations of FDCPA
### Section 808(a), 15 U.S.C. §1692f(1) by
### The Collection of an Unauthorized Amount

56.     Each and every allegation contained in paragraphs 1 through 55 of this Complaint is

repeated, realleged and incorporated herein by reference.

57.     FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> **A debt collector may not use unfair or unconscionable means
> to collect or attempt to collect any debt.  Without limiting the
> general application of the foregoing, the following conduct is a
> violation of this section:**
>
> ****
>
> **(1) The collection of any amount (including any interest, fee,
> charge, or expense incidental to the principal obligation) unless
> such amount is expressly authorized by the agreement creating
> the debt or permitted by law.**

58.     The acts and practices complained of herein constitute the use of unfair and

unconscionable means to collect or attempt to collect a debt.

59.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed

for herein.

## COUNT IV
### Violations of FDCPA
### Section 809(a)(1), 15 U.S.C. §1692g(a)(1) by
### Failing set forth the Amount of the Debt

60.     Each and every allegation contained in paragraphs 1 through 59 of this Complaint is

repeated, realleged and incorporated herein by reference.

61.     FDCPA Section 809, 15 U.S.C. § 1692g, provides in relevant part:

> **Within five days after the initial communication with a
> consumer in connection with the collection of any debt, a debt
> collector shall, unless the following information is contained in
> the initial communication or the consumer has paid the debt,
> send the consumer a written notice containing—**
>
> ****

10

**(1) the amount of the debt.**

62.     The Letters sent to the Plaintiffs and all other similarly situated consumers fails to set forth the amount of the debt.

63.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.


### COUNT V
### Violations of New York GBL § 349 by
### Engaging In Unlawful
### Deceptive Practices And Acts

64.     Each and every allegation contained in paragraphs 1 through 63 of this Complaint is repeated, realleged and incorporated herein by reference.

65.     The acts, practices and conduct engaged in by the Defendant and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

66.     The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

67.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

68.     By virtue of the foregoing, Plaintiffs are entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees.


### COUNT VI
### Common Law Fraud

69.     Each and every allegation contained in paragraphs 1 through 68 of this Complaint is repeated, realleged and incorporated herein by reference.

70.     The acts, practices and conduct engaged in by the Defendant and complained of herein constitute fraud under the Common Law of the New York.

71.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

72.     All of the Defendant's acts complained of herein were committed with malice, intent, wantonness, and recklessness, and are characterized by reckless disregard for Plaintiffs' rights.

73.     Accordingly, Defendant is subject to punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs ask that this Court enter judgment in their favor and in favor of the members of the Class and against the Defendant, as follows:

A)     Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B)     Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

C)     Awarding treble the amount of actual damages as permitted under NY GBL § 349;

D)     Awarding punitive damages as redress for Defendant's fraud under the laws of the State of New York;

E)     Declaring that Collecto's collection Letters violate the FDCPA;

F)     Declaring that Collecto's collection Letters violate New York General Business Law; and

G)      Granting such other and further relief this Court deems just and appropriate.

JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY.

Dated:  October 26, 2010
        Stamford, CT

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiffs*


By:  /s/ Sergei Lemberg
Sergei Lemberg, Esq. (SL 6331)
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
slemberg@lemberglaw.com