UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIO BUTTO, LAKESHA HOUSER, *on behalf of themselves and all others* similarly situated, | : : : : | |
| Plaintiffs, | : : | No. 2:10-cv-2906-ADS-AKT |
| v. | : : | |
| COLLECTO, INC. D/B/A EOS/CCA, | : : | |
| Defendant. | : : : | |

### ANSWER

Defendant, Collecto, Inc. d/b/a EOS/CCA ("Defendant"), by and through the undersigned counsel, for its Answer to the Complaint hereby denies each and every averment in the Amended Complaint herein, except as expressly set forth below, and states:

1.     Admits that plaintiffs purport to seek relief but otherwise denies the allegations of paragraph 1.

2.     Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 2 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

3.     Denies.

4.     Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 4 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

5.    Admits that Butto is an individual and otherwise Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 5 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

6.    Admits that Houser is an individual and otherwise Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 6 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

7.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 7 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

8.    Admits that defendant maintains an office at the addresses identified, is organized under Massachusetts law and otherwise denies the allegations of this Paragraph 8.

9.    Admits first sentence and otherwise has insufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in this Paragraph 9 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

10.    Admits.

11.    Admits.

12.    Admits.

13.    Admits.

14.     Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of the first sentence of this Paragraph 14 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof and otherwise denies the allegations of this Paragraph 14.

15.     Admits that Defendant sent plaintiffs letters on or about February 10, 2010 and February 11, 2010, and otherwise denies as stated and refers to the Letters for the content thereof.

16.     Denies as stated and refers to the Letters for content thereof.

17.     Denies as stated and refers to the Letters for content thereof.

18.     Denies.

19.     Denies.

20.     Denies.

21.     Admits the defendant receives some fees, fees based on a contingency arrangement based on amounts recovered and otherwise denies.

22.     Admits as to these plaintiffs and otherwise denies.

23.     Denies.

24.     Denies.

25.     Admits that the letter sent to the plaintiffs are similar in form to letters sent to others and otherwise denies the remaining allegations of this Paragraph 25.

26.     Denies.

27.     Denies.

28.     Denies.

29.     Admits that plaintiffs purport to bring the case as class action but denies that class treatment is appropriate.

30.     Admits that plaintiffs purport to define a class or classes but denies that such class definitions are appropriate.

31.     Admits that defendant utilizes certain form letters and otherwise has insufficient information and knowledge to form a belief as to the truth of the balance of the allegations of this Paragraph 31 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

32.     Denies.

33.     Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations contained in the first sentence of this paragraph 33 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.  Defendant denies the allegations contained in the second sentence of this paragraph 33.

34.     Denies.

35.     Denies.

36.     Denies.

37.     Denies.

38.     Denies.

39.     Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 39 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

40.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 40 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

41.    Denies.

42.    Denies.

43.    Denies.

44.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 44 and therefore denies the same and puts plaintiffs to their strictest burden of proof thereof.

45.    Denies.

46.    Denies.

47.    Denies.

## Count One

48.    The answers to Paragraphs 1-47 are hereby restated and realleged as the answer to this Paragraph 48 of the Complaint, as though fully set forth herein.

49.    Denies as stated and refers to the statute for the content thereof.

50.    Denies.

51.    Denies.

## Count Two

52.    The answers to Paragraphs 1-51 are hereby restated and realleged as the answer to this Paragraph 52 of the Complaint, as though fully set forth herein.

53.    Denies as stated and refers to the statute for the content thereof.

54.    Denies.

55.    Denies.

## Count Three

56.    The answers to Paragraphs 1-55 are hereby restated and realleged as the answer to this Paragraph 56 of the Complaint, as though fully set forth herein.

57.    Denies as stated and refers to the statute for the content thereof.

58.    Denies.

59.    Denies.

## Count Four

60.    The answers to Paragraphs 1-59 are hereby restated and realleged as the answer to this Paragraph 60 of the Complaint, as though fully set forth herein.

61.    Denies as stated and refers to the statute of the content thereof.

62.    Denies.

63.    Denies.

## Count Five

64.    The answers to Paragraphs 1-63 are hereby restated and realleged as the answer to this Paragraph 64 of the Complaint, as though fully set forth herein.

65.    Denies.

66.    Denies.

67.    Denies.

68.    Denies.

## Count Six

69.     The answers to Paragraphs 1-68 are hereby restated and realleged as the answer to this Paragraph 69 of the Complaint, as though fully set forth herein.

70.     Denies.

71.     Denies.

72.     Denies.

73.     Denies.

## First Affirmative Defense

Plaintiffs' claims are barred in whole or in part due to plaintiffs' failure to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part because this court lacks jurisdiction due to the presence of binding arbitration clauses in the Verizon Wireless and AT&T Mobility agreements entered into by plaintiffs.

## Third Affirmative Defense

Plaintiffs' claims are barred to the extent that any violation of the Fair Debt Collection Practices Act by defendant, which Defendant deny, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## Fourth Affirmative Defense

Plaintiffs' purported fraud claims are barred due to plaintiffs' failure to comply with Federal Rule 9(b).

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by waiver.

WHEREFORE, the defendant requests that the plaintiffs' Complaint be dismissed with prejudice and the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

Date: November 29 , 2010

THE DEFENDANT,
COLLECTO, INC. D/B/A EOS/CCA,

By:_____
Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jelliot@znclaw.com

Their Attorneys

8

## **CERTIFICATION**

I hereby certify that on November _29_, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Jonathan D. Elliot