# ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

Jonathan D. Elliot, Esquire
Direct Dial: (203) 332-5727
E-Mail: jelliot@znclaw.com

April 9, 2012

The Hon. A. Kathleen Tomlinson
U.S. Magistrate Judge
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Victoria Butto, Lakesha Houser, et al. v. Collecto, Inc. D/B/A EOS/CCA
      U.S. District Court, Eastern District of New York
      No. 2:10-cv-02906-ADS-AKT

Dear Magistrate Judge Tomlinson:

This office represents the defendant in the above matter. I certify that I have spoken to plaintiff's counsel, and engaged in correspondence with the plaintiff's counsel, in a good faith effort to narrow or eliminate certain discovery issues. Notwithstanding such good faith efforts by counsel, certain issues remain, and the defendant submits this motion to compel.

The plaintiff has attempted to frame this matter as a class action. In much the same way that the plaintiff has sought discovery of matters that counsel believes bears on the potential question of class certification, the defendant has propounded a number of interrogatories (Nos. 6-8 and 13) intended to explore matters related to the qualification and experience of class counsel as well as other matters that relate to class certification. Plaintiff has objected and refused to answer as set forth in their responses attached hereto.

Clearly, as a matter of the Federal Rules, defendant is entitled to explore in discovery matters that are relevant to the claims and defenses in the action. Fed. R. Civ. Pro. 26(b)(1). Just as clearly, the issue of the adequacy of the firm's representation, experience and credentials are relevant. See Fed. F. Civ. Pro. 23(a)(4) and 23(g); *Sirota v. Solitaron Devices, Inc.*, 673 F. 2d 566 (2d Cir. 1982).

Defendant is entitled to discovery on the question of class counsel's qualifications as well as other issues. *Newberg On Class Actions* § 7:8(4th ed.); *McLaughlin On Class Actions* § 3:7 (8th ed.); *e.g. Stahler v. Jamesway Corp.*, 85 F.R.D. 85 (E.D. Pa. 1979); *Stavrides v. Mellon National Bank & Trust Co.*, 60 F.R.D. 634, 635 (W.D. Pa. 1973).

Interrogatories 6 to 8 inquire directly into the plaintiff's counsel experiences in attempting to be appointed as class counsel in other matters and as to counsel's record regarding

ZELDES, NEEDLE & COOPER
A PROFESSIONAL CORPORATION

April 9, 2012
Page 2

sanctions or criticism. Counsel objected and refused to respond, claiming that the plaintiff has no knowledge of such matters. I responded that if plaintiff had no such direct knowledge, that a sworn statement from counsel would suffice. This seems entirely appropriate, because counsel is likely to submit his own affidavit touting his own credentials in support of a class certification motion. Certainly defendant is entitled to know of actions in which Attorney Lemberg was denied class certification (Interrogatory No. 6), instances in which plaintiff's counsel has been sanctioned by any court (Interrogatory No. 7) or criticized by a court (Interrogatory No. 8). Today, plaintiff's counsel provided informally a listing of actions in which certification has been granted or denied. Defendant submits that the response should be provided under oath.

Interrogatory No. 13 seeks information concerning the plaintiff's filing of FDCPA actions on an individual basis. Paragraph 43 of the Amended Complaint alleges "Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy." Paragraph 47 alleges "The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries . . . ." Defendant seeks information as to the number of individual FDCPA actions filed by the plaintiff's counsel that will assist in showing there exists no barriers to the filing of individual actions under the FDCPA.

Requests for Production Nos. 1-3 relate as well to the activities of proposed class counsel. Request No. 4 relates to engagement letters between plaintiffs and their counsel, to which plaintiffs have objected on attorney-client privilege grounds, among others.

The objection is misplaced. The Second Circuit has recognized engagement agreements with counsel are not privileged. *See In re Grand Jury Subpoena*, 781 F. 2d 238, 247 (2d Cir. 1986); *Lefcourt v. U.S.*, 125 F. 3d 79 (2d Cir. 1997); *In re Application for Subpoena*, 224 F.R.D. 326, 328-9 (E.D.N.Y. 2004) ("the law in the Second Circuit is clear that the privilege does not extend to the structure and framework of the attorney client relationship.") The retainer agreement has been used to determine whether the relationship to the plaintiff is ethical and appropriate. *Berrios v. Sprint Corp.*, 1998 WL 199842 (E.D.N.Y. 3/16/98)(holding the fee agreement in an FDCPA was relevant under FRCP 23). I have advised plaintiff that if the letters actually contain legal advice, that portion of the letters may be redacted.

The defendant requests, pursuant to Federal Rule 37, that plaintiffs be ordered to provide responses, and requests its costs in making this motion.

Respectfully submitted,

Jonathan D. Elliot

JDE/raf

cc: Sergei Lemberg, Esq.
Stephen Taylor, Esq.