| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON         DATE:   6/28/2012
          U.S. MAGISTRATE JUDGE          TIME:   4:23 p.m. (11 minutes)

*Butto, et al. v. Collecto, Inc.*, **CV 10-2906 (ADS) (AKT)**

TYPE OF CONFERENCE:     **MOTION HEARING**

APPEARANCES:   Plaintiffs:   Stephen S. Taylor

               Defendant:    Jonathan D. Elliott

FTR: 4:23-4:33

THE FOLLOWING RULINGS WERE MADE:

1. The parties' request for a modification of the Case Management and Scheduling Order extending the fact discovery deadline to September 7, 2012 is GRANTED based on the personal circumstances of plaintiffs' counsel as discussed today.

2. Defendant previously filed a motion to compel responses to certain interrogatories and document demands to which the plaintiffs objected. *See* DE 42. I noted that the motion is procedurally defective in that it does not comply with Local Civil Rule 37.1 regarding the manner in which disputes involving responses to discovery are brought to the Court's attention. Notwithstanding that fact, and in view of the discovery deadlines, I have considered the motion. Having looked at the motion papers carefully, the Court does not necessarily disagree with some of the statements made by the defendant. Nonetheless, the Court still questions the relevancy of some of the information sought by the defendant. Having considered the issues raised on both sides, DE 42 is granted, in part, as follows:

   • **Interrogatory No. 6**: no further response by plaintiff is required;

   • **Interrogatory No. 7**: no further response needed; there is nothing preventing defendants from undertaking their own due diligence if they believe it is necessary and relevant;

   • **Interrogatory No. 8[1]**: no further response required by plaintiff; the information sought is equally accessible to defendants as to the plaintiff – whether defendant chooses to pursue is up to it;

   • **Interrogatory No. 13**: plaintiff is directed to answer this interrogatory accurately and completely;

---

[1] The Court sees no need to have plaintiffs' counsel, as an officer of the Court, provide a sworn statement as requested. If it turns out at some point going forward that the information is faulty, the defendant has other remedies available to it.

- **Document Demand No. 1**: once plaintiff responds to Interrogatory No. 13, there is no further need to respond to this demand;

- **Document Demand No. 2**: for the same reason stated above, no further response is required;

- **Document Demand No. 3**: if there is such an opinion in a case, then plaintiff is directed to provide a response;

- **Document Demand No. 4**: within one week, plaintiffs' counsel is to provide to the Court for an *in camera* inspection a copy of the engagement/retention letter(s) between the firm and the plaintiffs. The Court will then make a determination whether the document is to be produced.

3. A Second Amended Case Management and Scheduling Order is being entered separately.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge