UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIO BUTTO, LAKESHA HOUSER, | ) | |
| *on behalf of themselves and all others* | ) | |
| *similarly situated,* | ) | Civil Action No.: 2:10-cv-02906(ADS)(AKT) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| COLLECTO, INC. D/B/A EOS/CCA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR CLASS CERTIFICATION</u>**

Sergei Lemberg, Esq.
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiffs*

## Table of Contents

INTRODUCTION ..................................................................................................................... 1

    A.    Factual Summary ......................................................................................................... 1

    B.    Class Definitions......................................................................................................... 3

LEGAL ARGUMENT .............................................................................................................. 4

    I.    Rule 23 Class Certification is Appropriate ................................................................. 4

    II.    Joinder of All Members is Impracticable.................................................................... 6

    III.    Common Questions of Law and Fact Exist ................................................................ 7

    IV.    Plaintiff's Claims Are Typical .................................................................................... 9

    V.    Victoria Butto will Adequately Represent the Class ................................................. 10

    VI.    A Class Action Should be Certified Pursuant to Rule 23(b)(3).................................. 11

CONCLUSION ....................................................................................................................... 13

## Table of Authorities

**Cases**

Amchem Products., Inc. v. Windsor, 521 U.S. 591 (1997)....................................................................4

Bourlas v. Davis Law Assoc., 237 F.R.D. 345 (E.D.N.Y. 2006)..........................................7, 8, 9, 12

Coco v. Incorporated Village of Belle Terre, 233 F.R.D. 109 (E.D.N.Y. 2005). ...........................6, 7

Cohen v. J.P. Morgan Chase & Co., 263 F.R.D. 153 (E.D.N.Y. 2009). .......................................9, 11

Copeland v. Perales, 141 F.R.D. 11 (E.D.N.Y. 1992). ......................................................................7

D'Alauro v. GC Services Ltd. Partnership, 168 F.R.D. 451 (E.D.N.Y. 1996) ......................9, 11, 12

Douma v. Law Offices of Mitchell N. Kay P.C., Civil Action No. 09-9957 (S.D.N.Y.). ................10

Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968) .............................................................5

Evon v. Law Offices of Sidney Mickell, 2012 WL 3104620 (9th Cir., August 1, 2012)......5, 8, 9, 10

Fainbrun v. Southwest Credit Systems, L.P., 246 F.R.D. 128 (E.D.N.Y. 2007) ................................7

Gathuru  v. Credit Control Services, Inc., 623 F. Supp. 2d 113 (D. Mass. 2009).......................1, 5, 6

Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968) ............................................................................4

Hernandez v. Miracle Fin., Inc., 2011 WL 6328216, *3 (D.N.J., Dec. 13, 2011). .........................1, 6

In re Indep. Energy Holdings, 210 F.R.D. 476 (S.D.N.Y.2002)..........................................................6

In re Initial Public Offering Securities Litigation, 471 F.3d 24 (2d Cir.  2007) ...............................5

Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998)...................................................................................8

Leone v. Ashwood Fin., Inc., 257 F.R.D. 343 (E.D.N.Y. 2009)...............................................7, 8, 12

Marisol A. v. Giuliani, 126 F.3d 372 (2d Cir.  1997) ..............................................................7, 9, 10

Martens v. Smith Barney, 181 F.R.D. 243 (S.D.N.Y. 1998) .............................................................10

Miller v. Wexler & Wexler, 1998 WL 60798 (N.D. Ill., February 6, 1998)......................................8

Mund v. EMCC, Inc., 259 F.R.D. 180 (D. Minn. 2009)..............................................................8, 12

Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).....................................................................4

Rossini v. Ogilvy & Mather, Inc., 798 F. 2d 590 (2d Cir. 1986) ...................................................... 11

Seekamp v. It's Huge, Inc., 2012 WL 860364 (N.D.N.Y., Mar. 13, 2012). .................................. 5, 10

Sladic v. I.C. System, Inc., Civil Action No. 09-3429 (E.D.N.Y.). ................................................. 10

Stinson v. City of N.Y., 2012 WL 1450553 (S.D.N.Y., April 23, 2012) .......................................... 11

Waiters v. Collection Tech., Inc., Civil Action No. 10-02514 (S.D.N.Y.). ...................................... 10

Wal-Mart Stores Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541 (2011). .................................................. 7

Willix v. Healthfirst, Inc., 2009 WL 6490087 (E.D.N.Y., Dec. 3, 2009). ........................................ 11

Wise v. Cavalry Portfolio Serv., LLC, 2010 WL 3724249 (D. Conn., Sept. 15, 2010). .................. 12

Zimmerman v. Portfolio Recovery Assoc., LLC, 276 F.R.D. 174 (S.D.N.Y. 2011). .............. 8, 10, 12

**Statutes**

15 U.S.C. § 1692k(a)(2)(B) ............................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23(a)(1). ..................................................................................................................... 6

Fed. R. Civ. P. 23(a)(2). ..................................................................................................................... 7

Fed. R. Civ. P. 23(a)(3). ..................................................................................................................... 9

Fed. R. Civ. P. 23(a)(4). ................................................................................................................... 10

Fed. R. Civ. P. 23(a). ......................................................................................................................... 4

Fed. R. Civ. P. 23(b)(3). ............................................................................................................. 11, 12

## INTRODUCTION

Plaintiff, Victoria Butto ("Butto" or "Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her undersigned counsel, submits this Memorandum of Law in support of her Motion for Class Certification (the "Motion").[1]  Butto seeks relief arising from Defendant's transmission of identical debt collection letters to Butto and other consumers, as well as Defendant's attempts to collect unauthorized collection fees in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

Collecto sent the Butto a collection Letter on a Verizon account attempting to collect a principal amount and a collection fee.  Plaintiff alleges the collection fee was *not* authorized by Plaintiff's agreement with Verizon, because it had not yet and may never have been charged. Instead, it represents a contingency fee which only would become due and owing when and if the collector successfully collects.  The fee was not due and owing at the time of the Letter was sent; Collecto's representation to the contrary violates the FDCPA. *See* Gathuru v. Credit Control Services, Inc., 623 F.Supp.2d 113, 121–122 (D. Mass. 2009); Hernandez v. Miracle Fin., Inc., 2011 WL 6328216, *3 (D.N.J., Dec. 13, 2011).

### A.    Factual Summary

Butto is a natural person residing in Islip, New York and is a consumer as that term is defined by the FDCPA. (Complaint (Exhibit A) ¶¶5 & 7).  Approximately 11 years ago, Butto obtained cellular phone service from Verizon Wireless ("Verizon"). *See* Affidavit of Victoria Butto, ¶3.  Butto renewed her Verizon service in 2007. Id. at ¶4.  However, in 2008 she stopped paying due to a dispute over charges on her bill. Id.

The Wireless Services Agreement between Butto and Verizon (the "Wireless Agreement" (Exhibit B)) includes the following clause:

---

[1] Co-Plaintiff Lakesha Houser maintains only individual claims and is not a proposed class representative.

1

IF WE DON'T RECEIVE PAYMENT IN FULL WHEN DUE, WE MAY, TO THE EXTENT PERMITTED BY THE LAW OF THE STATE OF THE BILLING ADDRESS WE HAVE ON FILE FOR YOU AT THE TIME, CHARGE YOU A LATE FEE OF UP TO 1.5 PERCENT A MONTH (18 PERCENT ANNUALLY), OR A FLAT $5 A MONTH, WHICHEVER IS GREATER, ON UNPAID BALANCES. (IF YOU CHOOSE ANOTHER COMPANY TO BILL YOU FOR OUR SERVICE [SUCH AS ANOTHER VERIZON COMPANY], LATE FEES WILL BE SET BY THAT PARTY OR BY ITS TARIFFS, WHICH MAY BE HIGHER THAN OUR LATE FEE RATE.) **WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY FEES THAT WE ARE CHARGED BY A COLLECTION AGENCY WE USE TO COLLECT FROM YOU IF IT IS PERMITTED** BY THE LAW OF THE STATE WHERE YOU HAVE YOUR BILLING ADDRESS WHEN WE FIRST SEND YOUR ACCOUNT TO A COLLECTION AGENCY.

(Exhibit B, p. 10) (emphasis added).

Collecto is a Massachusetts business entity and a debt collector as that term is defined by the FDCPA. (Exhibit A ¶¶8-9; Answer (Exhibit C) ¶¶8-9; Collecto Int. Resp. (Exhibit D) No. 2).



2

On February 3, 2010, Butto's Account (the "Account") was transferred to Collecto for collection. (Collecto Supp. Int. Resp. (Exhibit F No. 8).  The Account was electronically transferred directly to Collecto's computers. (Exhibit F No 8).  Soon thereafter, Butto received a collection letter from Collecto concerning her Verizon account (the "Letter" (Exhibit G)).  The Letter demanded payment of a "principal" amount of $379.31, $0.00 in interest, and "Fees/Coll Costs" of $68.27 (the "Fees & Costs"). (Exhibit G).



The Letter is a form letter created from a template.  At the time it was sent, no funds had

In the year prior to the initiation of this action, Collecto sent 18,949 identical or substantially similar letters to Verizon customers whose accounts were placed with Collecto for collection. (Exhibit F No. 10).  Collecto collected $14,986.00 in fees from Verizon debts in the year preceding the filing of this action. (Exhibit F No. 14).

**B.    Class Definitions**

Victoria Butto now moves the Court to enter an Order certifying this case as a class action. The proposed classes (the "Classes") are defined as:

**Class A**

**All consumers in the State of New York who were sent a collection letter by Defendant within one year prior to the filing of this action, and which was**

not returned as undeliverable, which letter included a collection fee for
Verizon service which had not yet been incurred at the time the letter was
sent.

<u>Class B</u>

All consumers in the State of New York from whom Defendant collected
unauthorized "collection fees" on behalf of Verizon.

<div align="center">

**LEGAL ARGUMENT**

</div>

I.      **Rule 23 Class Certification is Appropriate**

Class actions serve three essential purposes: (1) they facilitate judicial economy by avoiding

multiple suits on the same subject matter; (2) they provide a feasible means for asserting the rights

of those who would have no realistic day in court if a class action were not available; and (3) they

deter inconsistent results, assuring a uniform, singular determination of rights and liabilities.

<u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 809, 105 S. Ct. 2965, 2973 (1985).

Rule 23(a) identifies four prerequisites for class certification:

(1) the class must be so numerous that joinder of all members is impracticable;

(2) there must be questions of law or fact which are common to all class
members;

(3) the claims or defenses of the representative parties must be typical of the
claims or defenses of the class members; and

(4) the representative parties must be expected to fairly and adequately protect the
interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).  In addition to satisfying the Rule 23(a) prerequisites, a plaintiff must

demonstrate that the proposed class action falls within one of the three categories set forth in Fed.

R. Civ. P. 23(b). <u>Green v. Wolf Corp.</u>, 406 F.2d 291, 298 (2d Cir. 1968); *see also* <u>Amchem Prod.,</u>

<u>Inc. v. Windsor</u>, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

A District Judge may certify a class only after determining that each of the Rule

23 requirements has been met.  Assessment of the underlying merits is appropriate only to the

extent necessary to decide whether Rule 23 has been satisfied; class certification proceedings should

<div align="center">4</div>

not be transformed "into a protracted mini-trial of substantial portions of the underlying litigation." In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2007).

The District Judge must "assess all of the relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." Id. at 42. At the same time, "courts are implored to construe liberally the Rule 23 requirements." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968); see also Seekamp v. It's Huge, Inc., 2012 WL 860364, at *2 (N.D.N.Y., Mar. 13, 2012).

Congress expressly recognized the propriety and utility of class litigation for enforcement of consumer rights under the FDCPA and provided an express statutory mechanism for computation of class awards. See 15 U.S.C. §§ 1692k(a)(2)(B) and (b)(2); see also Evon v. Law Offices of Sidney Mickell, 2012 WL 3104620, at *12 (9th Cir., August 1, 2012) ("The FDCPA is a consumer protection statute and was intended to permit, even encourage, attorneys like [Sergei] Lemberg to act as private attorney generals to pursue FDCPA claims.").

It is clear that Collecto had no right to collect the Fees & Costs from Butto since, at the time Collecto sent the Letter, the Fees & Costs were not legally chargeable against Butto. In Gathuru v. Credit Control Serv., Inc., decided in the district of Collecto's domicile, the court found that an identical collection fee violated the FDCPA. 623 F.Supp.2d 113. There, a consumer entered into a credit card agreement with creditor DFCU. Id. at 115. Pursuant to the agreement, the consumer "agreed to pay DFCU's collection costs, reasonable attorney's fees, and court costs." Id. Separately, DFCU entered an agreement with CCS, a debt collector, whereby CCS would be paid 30% of any amount it ultimately recovered on a DFCU account. Id. at 115-16. CCS sent Gathuru a collection letter which included a contingent collection fee of $463.48. Id. The court held that at the time CCS sent its collection notice and before any amount had been collected, DFCU did *not*

5

owe CCS its contingent fee "[a]nd therefore Plaintiff did *not* owe DFCU" the collection fee. Id. at 120 (emphasis in original).  Only "if CCS charged that fee" did "DFCU ha[ve] the right to pass on that fee to plaintiff." Id. at 120, n.14.

In a recent and strikingly similar decision from the District of New Jersey, the court found a collection alleged fee identical to Collecto's to be in violation of the FDCPA. Hernandez, 2011 WL 6328216.  Like here, there the fee at issue was a contingent fee collected on behalf of Verizon. Id. at *1.  The court found that inclusion of a contingent fee which had not yet been earned in a collection notice would violate the FDCPA. Id. at *3.  The court reasoned, "[v]iewed through the lens of the least sophisticated debtor, one could reasonably interpret the collection letter as meaning that the Collection Fee was due and owing at the time of the letter." Id.

Here, Butto's agreement agreed to reimburse Verizon *only for* collection fees Verizon was actually charged by a collection agency.  However, whatever compensation Collecto was to receive once it collected, that compensation, as well as the consumer's liability, does not arise until after an amount was actually collected.  Collecto was informing Butto and other consumers that they were indebted to Verizon for an inflated amount.  This practice is illegal and uniform, making the class action device ideally suited to combine all claims.

## II.    Joinder of All Members is Impracticable

Fed. R. Civ. P. 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable."  Impracticability in this context means difficulty or inconvenience of joinder rather than impossibility of joinder. *See* In re Indep. Energy Holdings, 210 F.R.D. 476, 479 (S.D.N.Y.2002) (internal quotation omitted).  "[T]here is a presumption that joinder is impracticable when forty or more class members exist." Coco v. Incorporated Village of Belle Terre, 233 F.R.D. 109, 113-114 (E.D.N.Y. 2005) (citing Robidoux v. Celani, 987 F.2d 931, 936).  While a precise quantification of the class is not required, "some evidence ... or [a] reasonabl[e] estimate [of] the

number of class members" must be provided. Id. at 114 (quoting LeGrand v. N.Y.C. Transit Auth.,

1999 WL 342286, at *3 (internal quotation omitted).

Within the Class period, Defendant sent 18,949 letters on behalf of Verizon that included a

Collection Fee. (Exhibit F No. 10). This figure establishes numerosity. See Bourlas v. Davis Law

Assoc., 237 F.R.D. 345, 351 (E.D.N.Y. 2006) (certifying 2,834 member class of consumers who

received a form debt collection letter); Leone v. Ashwood Fin., Inc., 257 F.R.D. 343, 351 (E.D.N.Y.

2009) (certifying class of 117 recipients of debt collection letter).

### III.   Common Questions of Law and Fact Exist

Satisfaction of the commonality requirement entails demonstrating that the claims of the

putative class members share common questions of law and/or fact. Fed. R. Civ. P. 23(a)(2).

As the Supreme Court recently clarified, "[w]hat matters to class certification . . . is not the raising

of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to

generate common answers apt to drive the resolution of the litigation." Wal-Mart Stores Inc. v.

Dukes, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (internal citation and quotation omitted).

"Commonality requires the plaintiff to demonstrate the class members 'have suffered the

same injury.'" Id. (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156); see

also Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997) (per curiam). There is, however, no

requirement that the claims of each potential class member have every issue of law and fact in

common. "An alleged common course of conduct is sufficient to satisfy the common questions

requirements." Copeland v. Perales, 141 F.R.D. 11, 15 (E.D.N.Y. 1992) (internal quotation

omitted); see also Fainbrun v. Southwest Credit Sys., L.P., 246 F.R.D. 128, 132 (E.D.N.Y. 2007)

(commonality and typicality requirements satisfied where the same facts and issues of law were

implicated). As the Ninth Circuit recently held, class action treatment is proper when "the

commonality linking the class members is the dispositive question in the lawsuit. It is not necessary

7

that members of the proposed class share every fact in common." Evon, 2012 WL 3104620, at *10 (internal quotation omitted); *see also* Zimmerman v. Portfolio Recovery Assoc., LLC, 276 F.R.D. 174, 179-180 (S.D.N.Y. 2011).

Where class members are sent virtually identical collection letters, there are common questions of law and/or fact. *See* Bourlas, 237 F.R.D. at 351; Leone, 257 F.R.D. at 351.  Similarly, in an action seeking recovery of unearned collection fees, commonality exists. *See* Mund v. EMCC, Inc., 259 F.R.D. 180, 184 (D. Minn. 2009); Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998); Miller v. Wexler & Wexler, 1998 WL 60798 (N.D. Ill., February 6, 1998).

In this case, the questions of law and fact common to all Class members include:

    a.   Did Defendant attempt to collect collection fees from the Classes?

    b.   Did the Verizon wireless agreement with consumers authorize imposition of those fees?[2]

    c.   Did Collecto routinely inform consumers they were liable for an inflated debt?

    d.   Did Defendant violate 15 U.S.C. § 1692e(2) by falsely stating the amount and character of debts and by falsely setting forth its compensation?

    e.   Did Defendant violate 15 U.S.C. § 1692e(10) by using false representations and deceptive conduct to collect consumer debts?

    f.   Did Defendant violate 15 U.S.C. § 1692f(1) by attempting to collect a collection fee not expressly authorized by the agreements creating the debts or permitted by law?

---

[2]They did not.  In response to subpoena, Verizon produced prior versions of the Verizon Wireless Agreement. Plaintiff maintains that none authorized fees of the sort in the Letter.

       g.  Did Defendant violate 15 U.S.C. § 1692g(a)(1) by failing to notify consumers of the actual amount of debts?

       h.  Did Defendant violate GBL Section 349?

The aforementioned questions share answers common to all Class member's claims and are appropriate for resolution through the class action device.

## IV.   Plaintiff's Claims Are Typical

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In the Second Circuit, typicality, like commonality, need not be complete for class certification to be proper. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, "the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." D'Alauro v. GC Serv. Ltd. P'ship, 168 F.R.D. 451, 456-457 (E.D.N.Y. 1996); see Bourlas, 237 F.R.D. at 351-352; Marisol A. v. Giuliani, 126 F.3d at 377; see also Evon, 2012 WL 3104620, at *10-11. The factual background of the named plaintiff's claims need not be identical to that of all of the class members as long as "the disputed issue of law or fact occupies essentially the same degree of centrality to the named plaintiff['s] claims as to that of the other members of the proposed class." Cohen v. J.P. Morgan Chase & Co., 263 F.R.D. 153, 158 (E.D.N.Y. 2009) (internal quotation omitted).

Plaintiff's claims are typical of the Classes. She, like everyone else, received a form debt collection letter. She, like everyone else, was told by Collecto that her current debt amount included the collection fee. And like everyone else, the contingent fee was not authorized by the Verizon Wireless agreement which created the debt. Because her claim is typical, certification is appropriate.

9

**V.      Victoria Butto will Adequately Represent the Classes**

Fed. R. Civ. P. 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry. First, "Rule 23(a)(4) requires that plaintiffs demonstrate that 'class counsel is qualified, experienced, and generally able to conduct the litigation.' Plaintiffs also must demonstrate that there is no conflict of interest between the named plaintiffs and other members of the plaintiff class." Marisol A. v. Giuliani, 126 F.3d at 378 (*quoting* In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)). The conflict of interest inquiry "merely requires that plaintiffs not have antagonistic interests, so only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." Martens v. Smith Barney, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) (internal quotation omitted).

As discussed above in the commonality and typicality discussions, Plaintiff's claims are identical to those of the rest of the Class members. *See* Affidavit of Victoria Butto, ¶¶6-7. There are no antagonistic interests that go to the subject matter of the suit. Id. at ¶¶12-13. Plaintiff understands her role as Class representative and that she is standing in place of other similarly situated consumers. She understands that she has duties and responsibilities to the Classes as a whole and not her individual case. Id.

Furthermore, Plaintiff has engaged competent counsel with extensive experience prosecuting class actions. *See* Zimmerman, 276 F.R.D. 174; Seekamp, 2012 WL 860364; *see also* Sladic v. I.C. System, Inc., Civil Action No. 09-3429 (E.D.N.Y.); Waiters v. Collection Tech., Inc., Civil Action No. 10-02514 (S.D.N.Y.); Douma v. Law Offices of Mitchell N. Kay P.C., Civil Action No. 09-9957 (S.D.N.Y.). In a recent Ninth Circuit FDCPA decision litigated by Plaintiff's lead counsel, Sergei Lemberg, the Court concluded that Mr. Lemberg was qualified to represent the proposed class. *See* Evon, 2012 WL 3104620, at *12. Counsels' experience and abilities therefore well exceed the adequacy threshold. *See* Declaration of Sergei Lemberg, 6-10.

## VI.    A Class Action Should be Certified Pursuant to Rule 23(b)(3)

The proposed Classes should be certified pursuant to Rule 23(b)(3), which requires that common questions of law or fact "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).  The proposed Classes satisfy the requirements of Rule 23(b)(3) for the reasons discussed above. *See* Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"); Willix v. Healthfirst, Inc., 2009 WL 6490087, at *4 (E.D.N.Y., Dec. 3, 2009) (same); Stinson v. City of N.Y., 2012 WL 1450553 (S.D.N.Y., April 23, 2012) (same).

The first prerequisite to bringing a class action under Rule 23(b)(3) is that common questions of law or fact predominate over the individual issues presented.  Predominance is a measure of the cohesiveness of the class.  When examining this factor, "the court's inquiry is focused on 'the conduct of the defendant rather than of individual plaintiffs, making it particularly susceptible to common, generalized proof.'" Cohen, 262 F.R.D. at 159 (quoting Schwabb v. Philip Morris USA, Inc, 449 F.Supp. 2d 992, 1115).  As this Court once opined:

> Where there is an essential factual link between all class members and the defendants, for which the law provides a remedy, questions of law or fact common to the class exist. *Halverson v. Convenient Food Mart, Inc.,* 69 F.R.D. 331, 334 (N.D.Ill.1974). Specifically, cases regarding the legality of standardized documents and practices often result in the predomination of common questions of law or fact and are, therefore, generally appropriate for resolution by class action. *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1164 (7th Cir.1974) (finding class action to be the appropriate method to resolve a dispute under TILA where the defendant used a standardized form installment retail contract).

D'Alauro, 168 F.R.D. at 458.

Here, resolution of the common questions of fact and law enumerated in Section III above can be achieved through generalized proof, and these issues are more substantial for each Class member's case than the issues subject only to individualized proof. As in D'Alauro, this case relates to the "legality of standardized documents and practices" and is ideally suited to Rule 23(b) certification. Id.; See Bourlas, 237 F.R.D. at 353-354 (predominance requirement met where 2,834 member class of consumers received a form debt collection letter); Leone, 257 F.R.D. at 352-353 (predominance found where class of 117 consumers received substantially similar debt collection letter); see also Zimmerman, 276 F.R.D. at 180 (certifying class of persons who received collection letter which violated the FDCPA); Wise v. Cavalry Portfolio Serv., LLC, 2010 WL 3724249, at *6 (D. Conn., Sept. 15, 2010) (certifying class of persons who received fraudulent debt collection letters in violation of the FDCPA); Mund, 259 F.R.D. at 186 (certifying class of consumers charged allegedly unauthorized thirty-five (35) percent collection cost).

The second criterion delineated in Rule 23(b)(3) is that the court find the class action to be superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23 lists several factors that may be considered in this inquiry. The first factor is the "interest of members of the class in individually controlling the prosecution or defense of separate actions." Fed. R. Civ. P. 23(b)(3). This interest "is typically lower in actions like this one to enforce compliance with the consumer protection laws, since damage awards in such cases are generally too small to permit a single consumer to bring suit." Harrison v. Great Springwaters of Am., Inc., 1997 WL 469996, at *9 (E.D.N.Y., June 18, 1997) (internal citation omitted). Second, because the proposed Classes consist of New York residents, it is desirable to concentrate the litigation in this forum. Id. Finally, there are no known cases already initiated by the proposed Class members and there are no unusual management challenges presented by this litigation.

12

**CONCLUSION**

Based on the foregoing, Plaintiff has met her burden of establishing the four

prerequisites of a class action set forth in Rule 23(a) and have demonstrated that the proposed

Classes meet the requirements of Rule 23(b)(3).  Accordingly, Plaintiff respectfully requests

that the Court grant Plaintiff's Motion for Class Certification and permit this matter to proceed

as a class action.

August 9, 2012
Stamford, CT

<div style="margin-left: 50%">

Respectfully submitted:

 /s/ Sergei Lemberg
Sergei Lemberg, Esq.
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, a redacted copy of the foregoing Memorandum of Law in Support of Motion for Class Certification was filed with the Clerk of the Court via the Court's CM/ECF system.  An unredacted copy of the forgoing, with unredacted exhibits, was sent via electronic transmission to the following party:

Jonathan Elliot, Esq.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT  06601-1740

I further certify that an unredacted copy of the forgoing, with unredacted exhibits, was sent to the Court to be filed under seal.

/s/ Sergei Lemberg
Sergei Lemberg