# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VICTORIO BUTTO,<br>LAKESHA HOUSER, on behalf of<br>themselves and all others<br>similarly situated, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:10-cv-02906-ADS-AKT |
| v. | : | |
| | : | |
| COLLECTO, INC. D/B/A EOS/CCA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EOS CCA

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant EOS CCA ("Defendant") hereby responds and objects to Plaintiff's First Set of Interrogatories as follows:

### FIRST GENERAL OBJECTION:

Defendant objects to Plaintiff's Instructions, Definitions, and Interrogatories to the extent they seek to impose obligations upon Defendant that are greater than those required under the Fed. R. Civ. P. or the Local Rules.

### SECOND GENERAL OBJECTION:

Defendant objects to each of Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges.

1

## INTERROGATORIES

<u>Interrogatory No. 1</u>:

    Identify all persons answering these Interrogatories.

**<u>RESPONSE</u>:**

**John Burns, VP Corporate Services, 700 Longwater Drive, Norwell, MA 02061**

<u>Interrogatory No. 2</u>:

    Set forth and describe with specificity the business and organization of Collecto, including, without limiting the generality of the foregoing, all of Collecto's business functions, the names and functions of each "department" within Collecto, the locations at which Collecto operates, including the departments which operate from each location.

**<u>OBJECTION/RESPONSE</u>:**

**Defendant objects to this interrogatory as vague, overbroad, and seeking irrelevant information with absolutely no relation to the claims and defenses at issue in this litigation. Defendant further objects to the extent this request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Defendant states that Collecto, Inc. d/b/a EOS CCA is a Massachusetts corporation that engages in the collection of consumer debt and, at times, engages in the collection of non-consumer debt, such as fines, parking tickets, taxes, and commercial collections.**

<u>Interrogatory No. 3</u>:

    Identify each of your employees responsible for oversight of consumer collections.

**<u>OBJECTION/RESPONSE</u>:**

**Defendant objects to this interrogatory as vague, overbroad and seeking irrelevant information because it is not limited by time or subject matter.**

This interrogatory seeks information regarding every employee responsible for oversight of consumer collections regardless of whether he/she oversaw the type of collections at issue in this case. Defendant further objects to the extent this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 4:

Identify every natural person with knowledge of the authorization to charge persons Collection Fees.

OBJECTION/RESPONSE:

Defendant objects to this interrogatory as overbroad because it is not limited by time or subject matter and unduly burdensome because it seeks information beyond the scope of Defendant's personal knowledge. Defendant also objects to this interrogatory as seeking information irrelevant to the claims and defenses in the action because it is not limited to collection fees relating to AT&T or Verizon wireless accounts. Subject to and without waiving its objection, Defendant states that John Burns, VP Corporate Services, 700 Longwater Drive, Norwell, MA 02061, has knowledge of this topic.

Interrogatory No. 5:

Identify every natural person responsible for training of your employees in connection with collection of consumer accounts.

OBJECTION/RESPONSE:

Defendant objects to this interrogatory as vague, overbroad and seeking irrelevant information because it is not limited by time or subject matter. This interrogatory seeks information regarding every employee responsible for training regardless of whether he/she trained employees on the type of collection activities at issue in this case. Defendant further objects to the extent this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Defendant responds: Ryan Michelangelo.

Interrogatory No. 6:

Identify all persons who communicated with the Plaintiffs.

3

OBJECTION/RESPONSE:

**Defendant objects to this interrogatory as overbroad and seeking irrelevant information because it is not limited by time or subject matter.  Subject to and without waiving its objections, Defendant states that Collecto communicated with the Plaintiffs.  Defendants states that the following individuals communicated with Victoria Butto: Victoria Ortega, Dennis Crowley, Phillip Baker, Erick Wright, and Drake Austin. Defendants states that the following individuals communicated with Lakesha Houser: Antonio Martins, Dot Thomas, Doug Erickson.**

Interrogatory No. 7:

Describe with specificity the manner in which you maintain data with respect to consumer collection accounts.  As to any data maintained in electronic form, identify the hardware and software system or systems used for that purpose.

OBJECTION/RESPONSE:

**Defendant objects to this interrogatory on the ground that it is overbroad and to that extent irrelevant to the claims and defenses in the action, not limited as to time, unduly burdensome and intended merely to harass, oppress, and/or annoy.  Subject to and without waiving its objections, Defendant states it uses stock, off-the-shelf programs substantially modified for its uses. Defendant uses the software FACS by Ontario Systems.  Two dialer systems are used: Aspect EnsemblePro and Envox.**

Interrogatory No. 8:

Set forth with specificity the manner in which you acquired the Plaintiffs' debts or accounts.

RESPONSE:

**Defendant did not purchase the Plaintiffs' accounts or debts.**

4

Interrogatory No. 9:

State whether you acquired Plaintiffs' debts or accounts as part of

Portfolio.  If so, identify all accounts which comprised the Portfolio and set forth

the price paid for the Portfolio.

**RESPONSE:**

**Defendant did not purchase Plaintiffs' debts or accounts.**

Interrogatory No. 10:

Set forth the number of persons in the state of New York to whom you

sent a Letter which included a Collection Fee within the relevant time period.

**OBJECTION/RESPONSE:**

**Defendant objects to this request as overbroad because it is vague, overbroad, and not limited by subject matter to the allegations in this action and is therefore unduly burdensome.**

Interrogatory No. 11:

Identify each person in the state of New York to whom you sent a Letter

which included a Collection Fee within the relevant time period.

**OBJECTION/RESPONSE:**

**Defendant objects to this request as overbroad because it is not limited to the claims in this action and is unduly burdensome.  Defendant further objects to this request as premature because it improperly seeks confidential information concerning third-parties prior to any class certification motion.**

Interrogatory No. 12:

Describe with specificity the manner in which the Collection Fees in the

Butto and Houser Letters were calculated.

**RESPONSE:**

**The collection fees were based on a percentage of the underlying debt as proscribed by the plaintiffs' creditors.**

Interrogatory No. 13:

Describe with specificity the manner in which Collection Fees are

calculated or determined.

**OBJECTION:**

**Defendant objects to this interrogatory as vague, overbroad, not limited in any way, and irrelevant to the claims and defenses in the action.  Defendant further objects to this interrogatory as harassing and duplicative of Interrogatory Number 12.**

Interrogatory No. 14:

For each person identified in your response to Interrogatory number 11,

set forth the total Collection Fee recovered by Collecto.

**OBJECTION/RESPONSE:**

**Defendant objects to this interrogatory as irrelevant to the claims and defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and harassing.  Defendant restates and incorporates by references its objections to Interrogatory Number 11. Without waiving its objections, Defendant sates that it collected no collection fee from the named Plaintiffs herein.**

Interrogatory No. 15:

Set forth the authority under which you charge Collection Fees.

6

OBJECTION/RESPONSE:

Defendant objects to this interrogatory as unduly vague, overbroad, argumentative and  irrelevant to the claims and defenses in the action, and duplicative of Interrogatory Numbers 12 and 13.   Subject to and without waiving its objections, Defendant states that Collection costs were included on the plaintiffs' accounts based upon directions from the plaintiffs' creditors and purportedly based upon the creditors' underlying agreements with the plaintiffs.

Interrogatory No. 16:

Identify all insurance policies under which you are covered (indemnity or

defense) with respect to alleged violations of the FDCPA or any other Federal or

State consumer protection laws.

OBJECTION/RESPONSE:

Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and not limited by time or subject matter and to that extent irrelevant to the claims and defenses in the action.  Subject to and without waiving its objections, Defendant states that, with respect to the claims asserted in this lawsuit, the policy applicable to the underlying matter is CNA Errors and Omissions.

Interrogatory No. 17:

Identify all insureds under each of the insurance policies identified in

response to Interrogatory No. 16.

OBJECTION:

Defendant objects to this interrogatory on the ground that it is intended merely to harass and annoy, overbroad, unduly burdensome, and not limited by time or subject matter and to that extent irrelevant to the claims and defenses in the action.  Subject to and without waiving its objections, Defendant states Collecto Inc. dba EOS CCA is listed as the insured.

Interrogatory No. 18:

7

Set forth the per-claim policy limits under each of the Insurance Policies

identified in response to Interrogatory No. 16.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is intended merely to harass and annoy, overbroad, unduly burdensome, and not limited by time or subject matter and to that extent irrelevant to the claims and defenses in the action.  Subject to and without waiving its objections, Defendant states the policy limit is $1 million.**

Interrogatory No. 19:

State whether Collecto's net worth is equal to or exceeds $50,000,000.00

If not, set forth the description and value of each of each of Collecto's assets and

liabilities.

**OBJECTION/RESPONSE:**

**Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome, not limited by time, and premature since plaintiffs have not made a motion for class certification.  Subject to and without waiving its objections, Defendant states that, its net worth is less than $50,000,000 and that it will produce a balance sheet.**

Interrogatory No. 20:

State whether the Defendants' employees, in the course of their

employment communicate via e-mail either (a) internally (*i.e.* with each other) or

(b) externally (*e.g.* with creditors, debtors, etc.).

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is overbroad in that it is not limited to a particular time period and to that extent irrelevant to the claims and defenses in the action.  Subject to and without waiving its objections, Defendant responds, "yes."**

8

Interrogatory No. 21:

As to each Affirmative Defense set forth in your Answer to the Amended

Complaint, set forth with specificity all facts upon which you rely in support of

such defense.

**RESPONSE:**

**Defendant responds as follows:  With respect to the first affirmative defense (failure to state a claim) and the fourth affirmative defense (failure to comply with Rule 9(b)), Defendant relies upon the facts set forth in Plaintiffs' Amended Complaint.  With respect to second affirmative defense (lack of jurisdiction) and fifth affirmative defense (waiver), Defendant states that it relies upon the underlying wireless service agreements between Butto and Verizon and Houser and AT&T.  With respect to the third affirmative, defense (bona fide error), Defendant states it is not Defendant's policy to falsely represent the debt, use deceptive means to collect the debt, collect unauthorized amounts, or to fail to state the amount of the debt, that collection costs were included on plaintiffs' accounts at the direction of the creditors on the basis of the creditors' claim that such costs are recoverable.**

Date: April ___/___, 2011                 THE DEFENDANT
                                          COLLECTO, INC. d/b/a EOS/CCA

                                          By: _____
                                              Jonathan D. Elliot (ct05762)

                                          Zeldes, Needle & Cooper, P.C.
                                          1000 Lafayette Boulevard
                                          Bridgeport, CT  06604
                                          Tel:   203-333-9441
                                          Fax:   203-333-1489
                                          E-Mail: jelliot@znclaw.com

                                          Its Attorneys

10

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent via U.S. First

Class Mail, postage prepaid, on this date, to:

Sergei Lemberg, Esq.
Lemberg & Associates, LLC
1100 Summer St., Floor 3
Stamford, CT 06905

Dated at Bridgeport, Connecticut on this _1st_ day of April 2011.

Jonathan D. Elliot

12