UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTORIO BUTTO,
LAKESHA HOUSER, on behalf of
themselves and all others
similarly situated,

                Plaintiffs,

    v.

COLLECTO, INC. D/B/A EOS/CCA,

                Defendants.

No. 2:10-cv-02906-ADS-AKT

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO CLASS CERTIFICATION

DEFENDANTS
COLLECTO, INC. D/B/A EOS/CCA

Jonathan D. Elliot

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-Mail: jelliot@znclaw.com

Their Attorneys

September 14, 2012

# TABLE OF CONTENTS

| | Page(s) |
|---|---|
| Table of Contents .................................................. | i-ii |
| Table of Authorities.............................................. | iii-vi |
| Preliminary Statement ........................................... | 1 |
| Nature of Proceedings........................................... | 2 |
| Argument ............................................................. | 3 |
| I. CLASS ACTIONS AND THE FDCPA ....................... | 3 |
| II. PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF DEMONSTRATING COMPLIANCE WITH REQUIRED ELEMENTS UNDER FEDERAL RULE 23(a) ................................... | 7 |
|     A. The Plaintiff's Class Definitions Are Flawed ..................... | 7 |
|         (1) Class A Is Flawed ......................................... | 8 |
|         (2) Class B Is Flawed ......................................... | 9 |
|     B. The Record Is Insufficient To Establish Numerosity ........... | 11 |
|     C. The Record Is Insufficient To Establish Commonality and Typicality.. | 12 |
|         i. The Threshold Requirement of a Consumer Debt......... | 13 |
|         ii. The Requirement of the Same Legal Issue .................. | 13 |
|         iii. The Existence of a Unique Defense.......................... | 14 |
|     D. Plaintiff Has Not Met Her Burden Of Establishing Her Own Adequacy Or That Of Proposed Class Counsel ................................ | 16 |

III. EVEN ASSUMING THAT THE PLAINTIFF HAS MET HER BURDEN OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY SHOWING TO SATISFY RULE 23(b) ............................................................... 18

    A.    Common Questions Do Not Predominate ........................................ 19

    B.    Plaintiff Has Not Proven The Superiority Of The Class Action Device In This Case .......................................................................... 20

    CONCLUSION.......................................................................................... 25

# TABLE OF AUTHORITIES

Cases: <span style="float:right">Page(s)</span>

*Adashunas v. Negley,* 626 F. 2d 600 (7th Cir. 1980) ............................................ 7

*Bleich v. Revenue Maximization Group, Inc.,* 233 F. Supp. 2d 496
(E.D.N.Y. 2002) ....................................................................................... 15

*Boyd v. Interstate Brands Corp.,* 256 F.R.D. 340 (E.D.N.Y. 2009) ..................... 4

*Bryant v. Bonded Account Service/Check Recovery, Inc.,* 208 F.R.D. 251
(D. Minn. 2000) ........................................................................................ 23

*Buford v. American Fin. Co.,* 333 F. Supp 1243 (N.D. Ga. 1971) ....................... 24

*Califano v. Yamasaki,* 442 U.S. 682 (1979) ......................................................... 3

*Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir. 1996) ........................ 23

*Clark v. Bonded Adjustment Co., Inc.,* 204 F.R.D. 662 (E.D. Wash. 2002) ........ 14

*Darvin v. International Harvester Co.,* 610 F.Supp. 255 (S.D.N.Y. 1985) ........... 16

*Davidson v. Yeshiva Univ.,* 555 F. Supp. 75 (S.D.N.Y. 1982) ............................. 11

*Deboissiere v. Am. Modification Agency,* 2010 WL 1849265 (E.D.N.Y.
May 5, 2010) ............................................................................................ 14

*Deflumer v. Overton,* 176 F.R.D. 55 (N.D.N.Y. 1997) ......................................... 11

*Demarco v. Edens,* 390 F.2d 836 (2d Cir. 1968) ................................................. 12

*East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395 (1977) .......... 3

*Eisen v. Carlisle and Jacquelin,* 417 U.S. 156 (1974) ......................................... 4

*Eisen v. Carlisle and Jacquelin,* 391 F.2d 555 (2d Cir. 1968) ............................. 4,6,21

*Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.,* 655 F. Supp. 1281
(S.D.N.Y. 1987) ........................................................................................ 4

*Fainbrun v. Southwest Credit Systems, L.P.,* 2008 WL 750550
(E.D.N.Y. March 18, 2008) ............................................................. 22

*Forman v. Data Transfer, Inc.,* 164 F.R.D. 400 (E.D. Pa. 1995) ......................... 14, 20

*Gary Plastic Packaging Co. v. Merrill Lynch,* 903 F.2d 176 (2d Cir. 1990) ......... 3, 14

*General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147 (1982) .............. 3, 4

*Georges v. Accutira Mortg., Inc.,* 2008 WL 2079125 (E.D. Mo.
May 15, 2008) .................................................................................. 9

*Gradisher v. Check Enforcement United, Inc.,* 209 F.R.D. 392
(W.D. Mich. 2002) ........................................................................... 22

*Haynes v. Planet Automall, Inc.,* 276 F.R.D. 65 (E.D.N.Y. 2011) ....................... 19

*Indiana State Employees Association, Inc. v. Indiana State Highway
Commission,* 78 F.R.D. 724 (S.D. Ind. 1978) ................................................. 10

*In re Colonial Partnership Litigation,* 1993 WL 306526 (D. Conn.
February 10, 1993) ........................................................................... 4

*In re Ford Motor Co. Ignition Switch Products Liability Litigation,* 194 F.R.D.
484 (D.N.J. 2000) ............................................................................ 20

*In re Initial Public Offering Securities Litigation,* 471 F.3d 24 (2d Cir. 2006) ....... 7

*In re Visa Check/MasterMoney Antitrust Litigation,* 280 F.3d 124
(2d Cir. 2001) ................................................................................. 19

*Jankowski v. Castaldi,* 2006 WL 118973 (E.D.N.Y. January 13, 2006) ............. 12

*Jefferson v. Security Pacific Financial Services,* 162 F.R.D. 123
(N.D. Ill. 1995) ............................................................................... 20

*Jermyn v. Best Buy Stores, L.P.,* 256 F.R.D. 418, 432 (S.D.N.Y. 2009) ............. 8

*Jones v. CBE Group, Inc.,* 215 F.R.D. 558 (D. Minn. 2003) ............................... 21, 22

*Kelley v. Galveston Autoplex,* 196 F.R.D. 471 (S.D. Tex. 2000) ......................... 19

*Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718 (11th Cir. 1987) ....................... 16

*Lewis v. Jesse L. Riddle, P.C.,* 1998 U.S. Dist. Lexis 20365
    (W.D. La. 1998) ................................................................. 21

*Leyse v. Corporate Collection Services, Inc.,* 2006 WL 2708451
    (S.D.N.Y. September 18, 2006) ........................................ 22

*Lyles v. Rosenfeld Attorney Network,* 2000 WL 798824 (N.D. Miss. 2000) ........ 22,23,24

*Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997) ................................. 21

*Madanat v. First Data Corp.,* 282 F.R.D. 304 (E.D.N.Y. 2012) ........................... 14

*Massengill v. Board of* Education, 88 F.R.D. 181 (N.D. Ill. 1980) ...................... 16

*Maywalt v. Parker & Pavsley Petroleum Co.,* 67 F.3d 1072
    (2d Cir. 1995) .................................................................... 16

*McKernan v. United Technologies Corp.,* 120 F.R.D. 452 (D. Conn. 1988) ....... 4

*Randleman v. Fidelity Nat. Title Ins. Co.,* 646 F. 3d 341 (6th Cir. 2011) .............. 10

*Reese v. Arrow Financial Services, LLC,* 202 F.R.D. 83 (D. Conn. 2001) .......... 12

*Roberts v. Cirone,* 2010 WL 2573203 (D. Mass. June 23, 2010) ...................... 13

*Sanders v. Jackson,* 209 F.3d 998 (7th Cir. 2000) ............................................. 6

*Shelley v. AmSouth Bank,* 2000 WL 1121778 (S.D. Ala. July 24, 2000) ............ 22

*Sonmore v. Checkrite Recovery Services, Inc.,* 206 F.R.D. 257
    (D. Minn. 2001) ................................................................. 22

*Spagnola v. Chubb Corp.,* 264 F.R.D. 76, 97 (S.D.N.Y. 2010) .......................... 7

*Stinson v. City of New York,* 2012 WL 1450553 (S.D.N.Y. April 23, 2012) ......... 4

*Villari v. Performance Capital Management, Inc.,* 1998 WL 414932
    (S.D.N.Y. July 22, 1998) ................................................... 14

*Wal-Mart Stores, Inc. v. Dukes,* ___ U.S. ___, 131 S. Ct. 2541 (2011) .............. 3, 4, 14

*Weber v. Goodman,* 9 F.Supp.2d 163 (E.D.N.Y. 1998) ...................................... 8, 13

*Weissman v. ABC Fin. Services, Inc.,* 203 F.R.D. 81 (E.D.N.Y. 2001) .............. 11

*Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255 (S.D.N.Y. 2011)............................. 14

Statutes:

Fed. R. Civ. P. 23(a) ................................................................. 3,4,7,11,18
Fed. R. Civ. P. 23(a)(1) ............................................................. 11
Fed. R. Civ. P. 23(a)(2) ............................................................. 12
Fed. R. Civ. P. 23(a)(3) ............................................................. 12
Fed. R. Civ. P. 23(a)(4) ............................................................. 16
Fed. R. Civ. P. 23(b)(3) ............................................................. 4,5,19,20,24
Fed. R. Civ. P. 23(b)(3)(A-D) ...................................................... 5, 20
15 U.S.C. § 1692a(5) ................................................................ 8, 13
15 U.S.C. § 1692k(a)(2)(B) ......................................................... 5,6,21,24
15 U.S.C. § 1692k(a)(3) ............................................................. 23
15 U.S.C. § 1692g .................................................................... 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTORIO BUTTO,
LAKESHA HOUSER, on behalf of
themselves and all others
similarly situated,

          Plaintiff,

    No. 2:10-cv-02906-ADS-AKT

v.

COLLECTO, INC. D/B/A EOS/CCA,

        Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO CLASS CERTIFICATION

### PRELIMINARY STATEMENT

Defendant, Collecto, Inc. d/b/a EOS/CCA ("Defendant"), hereby submits its Memorandum of Law in Opposition to Class Certification. Because Plaintiff has failed to establish the prerequisites for class certification, as set forth below, her motion should be denied.

This case stems from a collection letter sent by Defendant to Plaintiff Victoria Butto ("Plaintiff") to collect a Verizon Wireless debt notifying Plaintiff that Verizon claimed that she owed an account balance and a collection charge.[1] Plaintiff alleges that the collection letter violated the Fair Debt Collection Practices Act ("FDCPA") because Defendant was seeking to collect an amount Plaintiff did not owe, namely an allegedly unauthorized collection charge. Plaintiff's claims are premised on the language of an alleged agreement between Plaintiff and Verizon which allows Verizon to pass on collection costs to its delinquent customers. Plaintiff seeks certification of a

---

[1] Plaintiff's Complaint includes class claims asserted on behalf of Plaintiff Lakesha Houser ("Houser"), a customer of AT&T Wireless. Plaintiff's counsel has notified Defendant's counsel that Houser has elected not to pursue relief on behalf of a class of AT&T customers through this action.

1

class of Verizon Wireless customers allegedly receiving a similar collection letter seeking "unauthorized" collection fees. For the following reasons, including Plaintiff's failure to adequately define a class, failure to establish numerosity, commonality or typicality, and the lack of a demonstrated superiority of a class action over individual actions, Plaintiff's motion should be denied.

## NATURE OF THE PROCEEDINGS

Plaintiff's Complaint originally premised her claim on the allegation that Defendant owned the account in question and therefore could not charge collection fees as though the account had been placed with an independent outside collection agency. This legal theory, whether or not correct, was predicated on a fact that was completely wrong. Despite the incorrect allegation in Paragraph 13 of the Complaint, the account in question was not owned by the Defendant.

As a result, Plaintiff amended her Complaint to assert other reasons why the collection costs claimed by Verizon were not owed. Plaintiff's Amended Complaint contains claims under the FDCPA, General Business Law of the State of New York, and common law fraud based on a single collection letter sent by Defendant to Plaintiff on a Verizon Wireless account. Plaintiff claims that the letter violated the FDCPA because under the agreement between Plaintiff and Verizon, Defendant allegedly was not authorized to charge a collection fee to Plaintiff. Plaintiff in her deposition asserted her opinion that Verizon could not impose such charge, regardless of any agreement she may have. (Butto. Dep. at 38-42)

Presently before the Court is Plaintiff's Motion for Class Certification. Defendant hereby opposes the motion.

2

**ARGUMENT**

## I.    CLASS ACTIONS AND THE FDCPA

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2550 (2011) (citing Califano v. Yamasaki, 442 U.S. 682, 700–01 (1979)).  In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." Id. (citing East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977).

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"). Under the standard announced by the United States Supreme Court and applied in this Circuit, a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982); Gary Plastic Packaging Co. v. Merrill Lynch, 903 F.2d 176, 180 (2d Cir. 1991), cert. denied, 498 U.S. 1025 (1991). Under Rule 23(a), the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

3

Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements - - numerosity, commonality, typicality, and adequate representation - - "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.' " Wal-Mart Stores, Inc., 131 S. Ct. at 2550 (citing General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982). The party seeking class certification bears the "heavy burden" of establishing that each of these prerequisites has been met by a "preponderance of the evidence following a court's rigorous analysis." Stinson v. City of New York, 2012 WL 1450553 (S.D.N.Y. April 23, 2012); McKernan v. United Technologies Corp., 120 F.R.D. 452, 453 (D. Conn. 1988). The United States Supreme Court has recently reiterated that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Walmart Stores, Inc., 131 S. Ct. at 2551; it is incontrovertible that Plaintiff has the burden of proving that the proposed class action satisfies each and every element under Rule 23. E.g. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 163 (1974); Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co., 655 F. Supp. 1281 (S.D.N.Y. 1987), aff'd 838 F.2d 66 (2d Cir. 1988). The absence of any one element under Rule 23 justifies denial of class certification. Boyd v. Interstate Brands Corp., 256 F.R.D. 340, 342 (E.D.N.Y. 2009); In re Colonial Partnership Litigation, 1993 WL 306526, *13 (D. Conn. February 10, 1993).

Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968). Plaintiff relies on Rule 23(b)(3), which requires a showing that common questions

predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy. The matters pertinent to the superiority finding under Rule 23(b)(3) include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A-D).

The premise underlying many requests for class certification in FDCPA actions is the belief that class actions are warranted in most, if not all, FDCPA actions, merely because the FDCPA contains a provision recognizing that a class action can be maintained thereunder. See 15 U.S.C. §1692k(a)(2)(B). This argument, however, misconstrues §1692k(a)(2)(B) as an expression of a Congressional preference for class actions under the FDCPA. To the contrary, §1692k(a)(2)(B) provides no such expression of intent, nor is any necessary. The authority to pursue a class action in any case, under the FDCPA or otherwise, stems from Federal Rule 23. Rule 23 authorizes the use of class actions in appropriate cases and delineates the prerequisites to maintenance of a class action. Thus, without any reference to class actions within the FDCPA itself, plaintiffs conceivably would be able to maintain class actions under the FDCPA in cases meeting the requirements of Rule 23.

In analyzing the superiority of a class action for individual actions, courts must consider the potential recovery for the proposed classed members. Under the FDCPA, the maximum statutory damages in a class action are the lesser of $500,000 or 1% of the net worth of the defendant, without regard to the minimum individual recovery. 15 U.S.C. §1692k(a)(2)(B). The statutory damage limitation in FDCPA class actions is not designed to encourage or authorize class actions, or to express a Congressional preference for class actions under the FDCPA. Instead, this provision places a limitation on the utility, and hence superiority, of an FDCPA class action when compared to an individual action, except in certain instances. The Second Circuit has long held that it is "reluctant to permit actions to proceed where they are not likely to benefit anyone but the lawyers who bring them." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968).

As always, this Court should be mindful of the potential abuses of the class action device, especially under the FDCPA. The Seventh Circuit has expressed such concerns in the case of Sanders vs. Jackson, 209 F.3d 1998 (7th Cir. 2000), in which the Seventh Circuit Court of Appeals noted, citing to Judge Ralph Winter of the Second Circuit:

> [T]he driving force behind these cases is the class action attorneys. They have a strong incentive to litigate these cases – oftentimes despite their marginal impact – in the form of attorneys' fees and costs they hope to recover . . . Not surprisingly, then, "FDCPA litigation is a breeding ground for class actions." Lawrence Young & Jeffrey Coulter, *Class Action Strategies in FDCPA Litigation*, 52 Consumer Fin. L.Q. Rep. 61, 70 (1998). It is these attorneys' fees which are a significant inducement for FDCPA class action lawsuits. 109 F.3d at 344; *see Goldberger v. Integrated Solutions, Inc.*, No. 99-7198, 2000 WL 320447, at 10 (2d Cir. Mar. 28, 2000) (in many class action cases the plaintiffs "are mere 'figureheads'

and the reason for bringing such actions is 'the quest for attorney's fees.' "). Unfortunately, as Judge Winter of the Second Circuit has noted, these attorney fees strongly encourage class actions, many of which are frivolous. *See* Ralph K. Winter, *Paying Lawyers Empowering Prosecutors, and Protecting Managers: Raising the Cost of Capital in America,* 42 Duke L. J. 945, 949 (1993). The history of the FDCPA litigation shows that most cases have resulted in limited recoveries for plaintiffs and hefty fees for their attorneys. Consider the recent case of *Crawford v. Equifax Payment Servs., Inc.,* where a negotiated settlement provided $2,000 to the class representative, $78,000 to the plaintiff's attorneys, and nothing for the rest of the class. 201 F.3d 877, 880 (7th Cir. 2000) (reversing the approval of the settlement). The impetus of that suit clearly was not the plaintiffs' share of the award. *See Winter, supra,* at 949 (in derivative class action settlements, plaintiffs recover only 50% of the time while their attorneys receive fees in 90% of the cases). *Crawford* and similar cases illustrate "the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed." *White v. Goodman,* 200 F.3d 1016, 1019 (7th Cir. 2000).

## II.   PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF DEMONSTRATING COMPLIANCE WITH REQUIRED ELEMENTS UNDER FEDERAL RULE 23(a)

### A.   The Plaintiff's Class Definitions Are Flawed

In order to state a class action claim, Plaintiff must allege a reasonably defined class of similarly situated plaintiffs. <u>Adashunas v. Negley</u>, 626 F.2d 600 (7th Cir. 1980). The class definition should allow membership in the class to be readily ascertainable. <u>In re Initial Public Offering Securities Litigation</u>, 471 F.3d 24, 30, 44-45 (2d Cir. 2006). The definition should avoid the necessity of individual factual determination or entanglement in the ultimate legal issue in the case. <u>E.g.</u>, <u>Spagnola v. Chubbs Corp.</u>, 264 F.R.D. 76, 97 (S.D.N.Y. 2010). Plaintiff's proposed class definitions are wrought with problems that militate against certification.

### (1) Class A Is Flawed

Plaintiff's first proposed class encompasses: "All consumers in the State of New York who were sent a collection letter by Defendant within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent." (Compl. ¶ 30).

As a threshold matter, any plaintiff under the FDCPA must prove that the underlying debt in question was incurred for personal, family or household purposes. 15 U.S.C. § 1692a(5). If there is no debt within the meaning of the FDCPA, there can be no FDCPA claim. E.g., Weber v. Goodman, 9 F.Supp.2d 163, 168 (E.D.N.Y. 1998) (noting that the FDCPA does not apply to non-consumer debt).

Plaintiff has not demonstrated how one could easily determine whether any proposed class members meet this requirement from a ministerial review of readily available records. Jermyn v. Best Buy Stores, L.P., 256 F.R.D. 418, 432 (S.D.N.Y. 2009). In fact, such a determination would be impossible without an individualized inquiry into the facts and circumstances of each letter recipients' use of their Verizon account. Defendant's records make no such distinction between Verizon accounts that are used for personal purposes and those that are use, as do many cellular phone users, for business purposes. The fact that a particular Verizon account is in an individual name is not dispositive of the issue. Neither Plaintiff nor Defendant possesses any knowledge as to whether the amounts in question were incurred by potential class members for business use, to which the FDCPA does not apply. Such

facts may not be derived from the Defendants' records, and proof of the appropriate use would require an individualized inquiry into the circumstances of each class member.

Finally, Plaintiff's Class A seemingly includes <u>any</u> New York consumer receiving <u>any</u> collection letter sent by Defendant which included a collection fee for <u>any</u> Verizon service. Plaintiff's Class A, therefore, potentially incorporates individuals with varying letters, and varying contracts with Verizon. Without specifically defining the Verizon agreement in common among the class, it is impossible to ascertain the members of the class who are, in fact, similarly situated.

### (2) Class B Is Flawed

Plaintiff's second proposed class encompasses: "All consumers in the State of New York from whom Defendant collected unauthorized 'collection fees' on behalf of Verizon." (Compl. ¶ 30). The Class B definition is flawed for several reasons.

First, Plaintiff is not a member of Class B and therefore cannot serve as its representative. <u>Georges v. Accutira Mortg., Inc.</u>, 2008 WL 2079125 (E.D. Mo. May 15, 2008) ("To act as a class representative, a named plaintiff must be a member of the class he seeks to represent ... If the named plaintiff fails to satisfy this threshold requirement, then a certifiable class does not exist."). Plaintiff has not alleged that Defendant collected any fee from her on behalf of Verizon, and admitted in her deposition that she paid no such fee. (Butto Dep, at 33, 38-40, 49 (stating that she didn't pay any fees to Defendant "[b]ecause they already charged [her] for a cancellation fee" and because she felt the fee was "unjust.")). Therefore, she is not a member of Class B.

Second, Plaintiff is unable to show how members of proposed Class B have been injured by any alleged violation. Based upon the Verizon agreement on which

Plaintiff supposedly relies, if Defendant actually collected a sum from the members of proposed Class B, the agreement clearly authorized Verizon to collect collection costs as well from the paying class members. Plaintiff has not shown how the proposed class has suffered any damage as a result of any violation that warrants certification of a Class B.

Third, Plaintiff, by defining the class based upon whether collection charges were "authorized," purports to define the class in terms of the ultimate issue in the case. Such a definition would entangle the parties in numerous potential individualized factual and legal issues that would preclude any identification of class members until the conclusion of the litigation. There would be no way to determine who is or is not in the class for purposes of receiving notice. By attempting to use a definition which itself contains a conclusion that there has been a misrepresentation, Plaintiff is seeking to use a self-serving class definition. Such a definition, tied inexorably to a legal conclusion, along with unfounded allegations of intentionally seeking to collect excessive amounts not owed, should not provide a basis for class certification. See, e.g., Indiana State Employees Association, Inc. v. Indiana State Highway Commission, 78 F.R.D. 724 (S.D. Ind. 1978). A "fail-safe" class definition will not pass muster because it shields putative members from receiving an adverse judgment. For example, a class of homeowners defined as those who paid higher rates than they were entitled to under the rate structure applicable to persons refinancing a mortgage loan has been rejected because "[e]ither the class members win, or by virtue of losing, they are not in the class and, therefore, not bound by the judgment." Randleman v. Fidelity Nat. Title Ins. Co., 646 F.3d 341, 352 (6th Cir. 2011).

## B.    The Record Is Insufficient To Establish Numerosity

Federal Rule of Civil Procedure 23(a) sets forth the requirement of numerosity:
"One or more members of a class may sue or be sued as representative parties on
behalf of all only if (1) the class is so numerous that joinder of all members is
impracticable..." Fed. R. Civ. Pro. 23(a)(1).

In order to satisfy this element of Federal Rule 23, the plaintiff has the burden of
demonstrating the numbers of prospective plaintiffs in the putative class. Deflumer v.
Overton, 176 F.R.D. 55, 58 (N.D.N.Y. 1997). Although an absolutely precise number is
not necessarily required as a prerequisite for class certification, there must be a
reasonable basis for an inference that the class, as defined by Plaintiff, is sufficiently
numerous that joinder is impracticable. Id. The evidence presented must be more than
the conclusory assertions of counsel, which assertions are wholly insufficient to meet
the requirements of Rule 23(a)(1).

Regardless of the deficiencies in the class definitions, Plaintiff has not
demonstrated that there is a sufficiently numerous class of similarly situated plaintiffs to
warrant class certification. Plaintiff simply makes the bare assertion that "Defendant
sent 18,949 letters on behalf of Verizon that included a Collection fee. This establishes
numerosity." (Mem. Support Class Cert. at 7). Plaintiff has not demonstrated, however,
that the proposed class member recipients are, in fact, similarly circumstanced. Where,
as here, the plaintiff's assertion of numerosity is "pure speculation or bare allegations,
the motion for class certification fails." Weissman v. ABC Fin. Services, Inc., 203 F.R.D.
81, 84 (E.D.N.Y. 2001); Davidson v. Yeshiva Univ., 555 F. Supp. 75, 77 (S.D.N.Y. 1982)
("When the plaintiff fails to aver, much less establish any facts to support his conclusory
allegations of numerous injuries, the class action request should be dismissed.");

Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968); Reese v. Arrow Financial Service, LLC, 202 F.R.D. 83 (D. Conn. 2001) (holding that "bare assertions of numerosity are insufficient" and the plaintiff must "reasonably estimate or provide some evidence of the number of class members").

Plaintiff is asking the court to infer that every person that received a form letter on behalf of Verizon from defendant falls within the proposed class. However, many of the individuals receiving form letters may not be members of a proper class, such as those using Verizon accounts for business purposes, and those with differing agreements, if any, with Verizon. Plaintiff does not offer any evidence from which to estimate how many consumers receiving the form letter would fall within the class. Plaintiff's argument to support numerosity is one of pure speculation involving highly individualized determinations and should be rejected.

**C.     The Record Is Insufficient To Establish Commonality And Typicality**

Plaintiff's arguments to support a finding of commonality and/or typicality are also lacking. Rule 23(a)(2) requires there to be "questions of law or fact common to the class" and Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." The "commonality and typicality requirements tend to merge because both serve as guideposts for determining whether the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." Jankowski v. Castaldi, 2006 WL 118973 (E.D.N.Y. January 13, 2006). The plaintiff's request for class treatment is affected by the need to make a number of individualized determinations that are inconsistent with the class action vehicle or rendered problematic by virtue of defenses applicable to the named plaintiff.

12

### i.    The Threshold Requirement Of A Consumer Debt

As a threshold matter, a claim under the FDCPA must involve a consumer debt. Plaintiff's Class A would include individuals using Verizon services for business purposes.  The FDCPA only applies to the obligation of a "consumer" to pay money arising from a transaction for "personal, family, or household purposes."  15 U.S.C. § 1692a(5); Weber, supra; Roberts v. Cirone, 2010 WL 2573203 (D. Mass. June 23, 2010) ("The FDCPA does not apply to the collection of non-consumer debt.").  This issue requires an individualized inquiry into each and every class member's debt to determine whether the debt is a consumer debt.  While such an inquiry sounds simple, it is actually very difficult because the nature of the underlying debt cannot be determined ministerially from any readily available set of records, and any individual's specific use of their account and the proportion of that use that is for business purposes will vary greatly.

### ii.    The Requirement Of The Same Legal Issue

Plaintiff's proposed Class A includes any New York consumer receiving any collection letter sent by Defendant which included a collection fee for Verizon.  The record is insufficient to establish commonality and typicality because the claims and defenses relating to the proposed class members may vary depending on the terms of the Verizon agreement with each class member, the content of the letters in question and other potentially individualized issues that are contrary to the requirements for certification.  Plaintiff's claim is premised on a clause in a Verizon agreement providing that:

> WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY
> FEES THAT WE ARE CHARGED BY A COLLECTION AGENCY
> WE USE TO COLLECT FROM YOU IF IT IS PERMITTED BY THE

LAW OF THE STATE WHERE YOU HAVE YOUR BILLING ADDRESS WHEN WE FIRST SEND YOUR ACCOUNT TO A COLLECTION AGENCY.

While Plaintiff argues that common questions exist and that her claims are typical, Plaintiff has offered no evidence showing that the proposed class members have the same agreement with Verizon as does she. In fact, Plaintiff has not tied any particular Verizon agreement to any particular person, other than Plaintiff, nor has she introduced any evidence from Verizon. Counsel simply states that "Verizon produced prior versions of the Verizon Wireless Agreement. Plaintiff maintains that none authorized fees of the sort in the Letter." (Mem. Support of Class Cert. at 8 n.2). This is mere argument of plaintiff's counsel based upon unauthenticated documents that are not a part of the record, and counsel's speculation about the documents' relationship to this action, inadequate to meet the requirements of Rule 23. Deboissiere v. Am. Modification Agency, 2010 WL 1849265 (E.D.N.Y. 2010) (noting that argument of counsel is not evidence in denying class certification); Madanat v. First Data Corp. 282 F.R.D. 304 (E.D.N.Y. 2012) (holding that unauthenticated documents were unreliable and hearsay under the federal rules, and could not support commonality).

Class treatment is inappropriate where, as here, the claim is not subject to class-wide proof and requires numerous individual inquiries. See Wu v. Pearson Educ., Inc., 277 F.R.D. 255, 265 (S.D.N.Y. 2011). Wal-Mart, 131 S. Ct. at 2553).

### iii.    The Existence Of A Unique Defense

The existence of a defense unique to the named plaintiff also requires a denial of class certification. Gary Plastic Packaging v. Merrill Lynch, 903 F.2d 176, 180 (2d Cir. 1990); Villari v. Performance Capital Management, Inc. 1998 WL 414932 (S.D.N.Y July 22, 1998); Clark v. Bonded Adjustment Co., Inc., 204 F.R.D. 662, 665 (E.D. Wash.

2002). Specifically, Defendant has a defense against at least the named Plaintiff, who failed to utilize the specific statutory debt dispute and validation procedure set forth in the FDCPA (15 U.S.C. § 1692g), which this Court has held is required before commencing an action in court based on the claim that the debt in question is not owed. In Bleich v. Revenue Maximization Group, Inc., this Court held that:

> A consumer alleging that a debt referenced in a collection letter is not valid, is required to follow the clear and orderly procedure set forth in the FDCPA. Such a consumer may not institute an immediate lawsuit alleging that the letter would discourage the use of the detailed statutory procedure. Instead, individuals would be encouraged to resort to litigation (and the prospect of an attorney's fee award) instead of being encouraged to communicate directly with the debt collector to expeditiously resolve their claim.

Bleich, 233 F. Supp.2d 496, 501 (E.D.N.Y. 2002).

Here, Plaintiff chose to ignore the debt validation procedure set forth in the FDCPA in favor of filing a lawsuit. Plaintiff admitted in her deposition that she did not dispute the collection charge with the Defendant before resorting to litigation. (Butto Dep. at 43-44). However, other proposed class members may have taken advantage of the statutory procedures, although determining that fact would again require an individualized scrutiny of collection records relating to each proposed class member.

In addition, Plaintiff has denied signing or reading the Verizon Agreement relied on by Plaintiff's attorney (Butto Dep. at 16, 25-32), and presumably relied upon by Verizon to impose the collection charge. These circumstances, too, could vary from person to person in the proposed class and could result in differing legal issues.

Plaintiff has completely ignored the potential individualized differences among the proposed class members. All of these actual and potential differences suggest that

class certification is contraindicated, especially on the limited recorded presented by the plaintiff.

### D. Plaintiff Has Not Met Her Burden Of Establishing Her Own Adequacy Or That Of Proposed Class Counsel

The focus of Rule 23(a)(4) is (i) the adequacy of counsel retained to represent the class and (ii) the ability of the named plaintiff to fairly and adequately protect the interests of the class.

Plaintiff has made no showing whatsoever as to her familiarity with the action, her participation in decision-making in the case, her ability or willingness to bear the costs of the action or her understanding of the comparative merits of class and individual actions. See Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728 (11th Cir. 1987) cert. denied 485 U.S. 959 (1988) (class must not be certified if plaintiff has abdicated conduct of case to attorneys); Maywalt v. Parker & Pavsley Petroleum Co., 67 F.3d 1072 (2d Cir. 1995) (citing Kirkpatrick with approval). Instead, Plaintiff has merely submitted a generic and conclusory affidavit in support of class certification.

Rule 23(a)(4) is not satisfied where the named plaintiffs demonstrate insufficient participation in and awareness of the litigation. Darvin v. International Harvester Co., 610 F. Supp. 255, 257 (S.D.N.Y. 1985); Massengill v. Board of Education, 88 F.R.D. 181 (N.D. Ill. 1980). Certain revelations made by Plaintiff during her deposition testimony call into question both the adequacy of proposed class counsel and the adequacy of Plaintiff to serve as a class representative.

Plaintiff's deposition testimony indicated that she has completely abdicated the conduct of this action to her attorneys. First, despite the fact that plaintiff's and defendant's counsel have previously communicated settlement proposals to one

another, Plaintiff was completely unaware of any proposal, either to or from the defendant. (Butto Dep. at 50-51). Specifically, Plaintiff indicated that she will "leave that to [her] lawyers." Id. Any proposal to Defendant was communicated without the approval or involvement of Plaintiff. Similarly, an offer of judgment served upon Plaintiff's counsel, for settlement purposes, was not communicated to her by counsel. Id. Clearly, the client is not making any decisions in this case. This action is being prosecuted and controlled by counsel, for counsel's benefit, without meaningful participation and involvement of the Plaintiff.

Although, Plaintiff testifies that she suffered no actual damages as a result of the conduct alleged in this action (Butto Dep. at 48), the Complaint allegedly approved by Plaintiff, asserts all sorts of actual, though non-existent, damages (see Complaint, ¶¶ 51, 59, 68, 73). These false claims were asserted again in Plaintiff's sworn interrogatory responses (see Response to Interrogatory No. 4), completely contrary to her deposition testimony. Either plaintiff is mindlessly signing whatever is put in front of her by her counsel, or she is testifying falsely. In either case, there exists a credibility problem.

Plaintiff did not know in what court the matter is pending (Butto Dep. at 45), did not know how it was determined that the action should be maintained as a class action (Butto Dep. at 47-48), had no idea what a potential class recovery might be (Butto Dep. at 50), had no idea how many class members there were (Butto Dep. at 58), or any idea what the costs of the action might be, to which she might be required to contribute (Butto Dep. at 54-58). Plaintiff does not know what claims are being made in the Complaint (Butto Dep. at 45-47). She feels that it is wrong for Verizon to be adding collection costs to her account, not for any legal reason, but because Verizon already

added a $75.00 cancellation fee to her account. (Butto Dep. at 40). She maintained that such a charge is wrong even if the agreement with Verizon, an agreement she claims not to have signed or read, provided for such a charge. (Butto Dep. at 41-42). It is clear that Plaintiff has no understanding of the legal claims and has completely abdicated to counsel in the conduct of the case, the fact that she has signed a self-serving, conclusory affidavit notwithstanding.

Finally, class counsel has provided neither an estimate of the anticipated costs of the action, including the cost of providing notice to prospective class members, or of the ability of counsel or Plaintiff to bear such costs, since Plaintiff or her counsel would be initially required to pay such costs. The record in this case is devoid of any indication of what those costs might be, or of any ability of the unemployed Plaintiff or her counsel to bear them.

Plaintiff's unfamiliarity with the action and claims, her complete abdication of the case to counsel, issues of her credibility and her counsel's arguable ethical breaches in leaving her uninformed about settlement proposals raise serious questions about the suitability of Plaintiff and her counsel to represent any class in this action. On this basis alone, the court should exercise its discretion to deny class certification.

## III. EVEN ASSUMING THAT THE PLAINTIFF HAS MET HER BURDEN OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY SHOWING TO SATISFY RULE 23(b)

Even if Plaintiff were able to prove that all the elements under Rule 23(a) had been satisfied, Plaintiff's motion should be denied because she has made virtually no showing to meet her burden of proving satisfaction of the elements of Rule 23(b); in particular, whether a class action is superior to other available methods to resolve the

current controversy and whether common issues predominate. This element is governed by Rule 23(b)(3), the provision under which the Plaintiff seeks to proceed here.

### A. Common Questions Do Not Predominate

Rule 23(b)(3) requires that the court find the "questions of law or fact common to the members of the class predominate over questions affecting only individual members." "Rigorous analysis is necessary to determine if a question is common to the class." Haynes v. Planet Automall, Inc., 276 F.R.D. 65, 74 (E.D.N.Y. 2011). Although the alleged common question involves alleged violations of the FDCPA, any determination of liability or class membership will turn on facts and circumstances applicable to each class member.

"Whether a court is required to determine that a particular question is common to the class for either commonality or predominance purposes, the analysis is the same." Id.; In re Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124, 136 n. 6 (2d Cir. 2001) (addressing commonality and typicality in the context of the predominance requirement of Rule 23(b)(3)). As a result, the arguments made in section II.C.1-3 at pages 11-15, herein demonstrate that Plaintiff has not met her burden of establishing commonality and typicality. These arguments are equally applicable to the predominance analysis and weigh in favor of denying class certification.

The existence of individualized issues weighs against a finding that common questions predominate under Federal Rule 23(b)(3). See, e.g., Kelley v. Galveston Autoplex, 196 F.R.D. 471 (S.D. Tex. 2000) (individual questions precluded finding of predominance); In re Ford Motor Co. Ignition Switch Products Liability Litigation, 194 F.R.D. 484 (D.N.J. 2000) (differences in available defenses and individual damage

calculations weighed against finding of predominance); <u>Forman v. Data Transfer, Inc.</u>,

164 F.R.D. 400 (E.D Pa. 1995) (individualized inquiries in an action under Telephone

Consumer Protection Act resulted in no common nucleus of operative fact); <u>Jefferson v.</u>

<u>Security Pacific Financial Services</u>, 162 F.R.D. 123 (N.D. Ill. 1995) (plaintiff could not

show that common questions predominated in TILA action).

### B. Plaintiff Has Not Proven The Superiority Of The Class Action Device In This Case

Rule 23(b)(3), sub-sections (A) through (D), expressly instructs the Court to

analyze a wide variety of factors in determining whether a class action is "superior" to

other methods for adjudicating the controversy.  Courts look at the following factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A-D).

First, section (A) of Rule 23(b)(3) states that one relevant factor in determining

whether a class should be certified is "the interest of members of the class in

individually controlling the prosecution or defense of separate actions."  Each class

member of Plaintiff's proposed class has a stronger interest in controlling his or her own

case because of the class action limit on statutory damages.

Under the FDCPA, the maximum statutory damages in a class action are the lesser of $500,000 or 1% of the net worth of the defendant, "without regard to the minimum individual recovery." 15 U.S.C. §1692k(a)(2)(B). The statutory damage limitation in FDCPA class actions is not designed to encourage or authorize class actions, or to express a Congressional preference for class actions under the FDCPA. Instead, this provision places a limitation on the utility, and hence superiority, of an FDCPA class action when compared to an individual action, except in certain instances. See, e.g., Jones v. CBE Group, Inc., 215 F.R.D. 558 (D. Minn. 2003). Under this standard, class relief will be appropriate in some cases, and not others. In this case, certification is inappropriate.

Applying the FDCPA's damage limitation, the proposed class may be able to generate only nominal awards to individual class members. A class action may therefore have a nearly nonexistent benefit to the class members. Under such circumstances, the primary benefit to be provided by the action is in the form of compensation to class counsel. The Second Circuit stated that it was "reluctant to permit actions to proceed where they are not likely to benefit anyone but the lawyers who bring them." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968). While recognizing that Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997) opined that a de minimis recovery "should not automatically bar a class action," another court held that the de minimis nature of recovery should be "a factor in deciding whether a class action is manageable and superior." Lewis v. Jesse L. Riddle, P.C., 1998 U.S. Dist. Lexis 20365 (W.D. La 1998) (small amount of recovery to each class member did not justify certification).

The above reasoning has resulted in the denial of class certification in other FDCPA cases. For example, see Lyles, supra (class members could potentially recover only $18.68 if the class were certified and $1,298.78 if it were not); Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451 (S.D.N.Y. September 18, 2006) that Plaintiff had not satisfied the superiority requirement given that "each putative class member could receive only up to $140, an amount significantly lower than what they could recover were they to bring suit individually."); Shelley v. AmSouth Bank, 2000 WL 1121778 (S.D. Ala. July 24, 2000), aff'd, 247 F.3d 250 (11th Cir. 2011) (comparing potential recovery of $1 for class members with potential individual recovery of $100-$1,000); Jones, 215 F.R.D. 558 (class action not superior because of limited individual class member recovery); Sonmore v. Checkrite Recovery Services, Inc., 206 F.R.D. 257 (D. Minn. 2001) (court denied class certification because it was unclear whether the class members would be entitled to recover more than $100).

Similarly, a *de minimis* class recovery is a proper basis to decertify a previously certified class. Gradisher v. Check Enforcement United, Inc., 209 F.R.D. 392, 393-94 (W.D. Mich. 2002) (court decertified class where the debt collector's net worth provided each class member with a $.06 recovery). The court in Granisher distinguished itself from other cases denying class certification and stated; "given the small amount of the award, which is essentially equivalent to no award, it is more likely that class members would chose to file individual suits if given the opportunity to do so." Id. at 394; see also Fainbrun v. Southwest Credit Systems, L.P., 2008 WL 750550 (E.D.N.Y. March 18, 2008) (class decertified due to limited value to class members).

The plaintiff's submission in support of certification is devoid of any analysis of such considerations. Plaintiff's counsel gives no consideration to a possible comparison

of the remedies available to a class member in an individual action to the meager benefit that may be available to class members based on the damage limitations under the FDCPA. Instead, counsel advances the argument in favor of superiority with little more than unsupported legal conclusions and baseless assumptions about class members. Plaintiff's counsel's arguments have little to do with this particular case.

Based upon Defendant's net worth for 2011, under relevant law, the maximum recovery for the entire class could be approximately $90,000, and could be less or even nothing at all. Assuming *arguendo* that the class is made up of approximately 18,949 members (the number of letters the Defendant sent out on Verizon accounts), then the <u>maximum</u> recovery for each class member would be less than or equal to $4.75. By comparison, if individual plaintiffs controlled their own cases, each would be eligible, if successful, to recover greater statutory damages of up to $1,000, depending upon the individual circumstances of his or her own case. 15 U.S.C. § 1692k(2)(a). Such a disparity between individual compared to class recovery, necessarily enhances individual class members' interest in pursuing their own claims and reduces or eliminates, as the case may be, the superiority or necessity of a class action. <u>Id.</u>; <u>see also</u> <u>Bryant v. Bonded Account Service/Check Recovery, Inc.</u>, 208 F.R.D. 251 (D. Minn. 2000); <u>Lyles v. Rosenfeld Attorney Network</u>, 2000 WL 798824 (N.D. Miss. May 17, 2000).

Individual plaintiffs would not be deterred by litigation costs because the FDCPA provides for recovery of expenses of suit, including attorneys' fees. 15 U.S.C. § 1692k(a)(3). This provision removes any disincentive, and in fact increases the incentive for individuals to pursue their own claims and control their own cases. <u>See</u> <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734 (5th Cir. 1996) (availability of

attorneys' fees is a basis for finding that superiority is lacking because this significantly decreases the financial risk for each potential plaintiff).  Historically, the numerous individual FDCPA cases filed in this District, by Plaintiff's counsel and others, reflect no difficulty for individuals to find counsel to take and pursue individual cases. Plaintiff's counsel admits that in 2010 his office filed 358 individual actions and only 5 class actions.  *See* Letter dated August 13, 2012 from plaintiff's counsel as a Supplemental Response to Interrogatory No. 13.  "[T]he plain truth is that in many cases Rule 23(b)(3) is being used as a device for the solicitation of litigation [and] [t]his is clearly an 'undesirable result' which cannot be tolerated."  Buford v. American Fin. Co., 333 F. Supp. 1243, 1251 (N.D. Ga. 1971).

Superiority under Federal Rule 23(b)(3) is not a conclusion that can be based on the mere argument of counsel without any analysis of the circumstances of the case.  A "class action cannot simply be a marginally acceptable device or one merely comparable to other methods of conflict resolution, it must affirmatively be preferable in a legally significant sense. A class action that requires each member to surrender essentially all of his damages cannot easily be characterized as a superior vehicle for the fair adjudication of a controversy."  Lyles, supra at *6.

Given the limitations on class damages under 15 U.S.C. §1692k(a)(2)(B), and on the current record, there is no basis on which to conclude that a class action is superior in this case.  Rather than recognize that such limited recoveries may give class members a much greater interest in controlling their own claims, the plaintiff falsely argues that without class certification, many members would not be able to secure relief.  A review of the docket in this District illustrates the feasibility of bringing

individual FDCPA suits, and is supported by this counsel's and others' apparent willingness to provide assistance to individual plaintiffs with such claims.

## CONCLUSION

For the foregoing reasons, based upon the instant motion and inadequate record submitted by Plaintiff, Plaintiff has failed to fulfill the requirements of Federal Rule 23 for certification of a class. Plaintiff ignores the individualized differences between putative class members, the existence of which precludes a finding of commonality and typicality under Rule 23. No affirmative showing has been made as to the adequacy of the representative Plaintiff, and counsel's failure to inform Plaintiff of settlement discussions, and other testimony, shows that this action has been completely abdicated to counsel. Lastly, Plaintiff's motion fails to provide any meaningful supporting analysis of the proposed class action's superiority, ignoring a most important feature of Rule 23, a comparison of the prospective class recovery and the potential individual recovery in an individual action. Class certification should be denied.

Date: September 14, 2012          Respectfully submitted,

THE DEFENDANT
COLLECTO, INC. d/b/a EOS/CCA

By:_____/s/_____
    Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel:   203-333-9441
Fax:   203-333-1489
E-Mail:  jelliot@znclaw.com

Its Attorneys

25

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_____/s/_____
Jonathan D. Elliot