**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
VICTORIA BUTTO, LAKESHA HOUSER,
on behalf of themselves and all others similarly
situated,

       Plaintiffs,

              **REPORT AND**
              <u>**RECOMMEDATION**</u>

    - against -
              CV 10-2906 (ADS)(AKT)

COLLECTO, INC. d/b/a EOS/CCA,

       Defendants.
---------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

   Plaintiff Victoria Butto has moved for class certification in this Fair Debt Collection

Practices Act case.[1]  *See* DE 50.  Plaintiff's Motion has been referred to this Court to issue a

Report and Recommendation on: (i) whether this case should be certified as a class action

pursuant to Fed. R. Civ. P. 23; (ii) whether the Plaintiff Victoria Butto should be appointed as

class representative; and (iii) whether Lemberg & Associates, LLC, should be appointed as class

counsel.  *See* DE 60.  For the reasons set forth below, the Court recommends that Plaintiff's

motion be GRANTED in part and DENIED in part.

**I.**  <u>**BACKGROUND**</u>

  **A.**  **Factual Allegations**

   Plaintiff Victoria Butto ("Plaintiff" or "Butto") stopped paying her Verizon Wireless

cellular phone bill in 2008 due to a dispute over charges on the bill.  *See* Affidavit of Victoria

Butto in Supp. of Class Cert. ("Butto Aff.") [DE 51-11], ¶ 4.  Plaintiff's Verizon Wireless account

---

[1]  Co-Plaintiff Lakesha Houser maintains only individual claims and is not a proposed class
representative.  Pl.'s Mem. of Law in Supp. of Class Cert. ("Pl.'s Mem."), at 1 n. 1.

was subsequently transferred to Defendant Collecto, a debt collection company, for collection of

the debt.  Collecto Supp. Int. Resp., Ex. F to Pl.'s Mem., No. 8.  The Verizon Wireless Services

Agreement between Butto and Verizon ("Butto-Verizon Agreement") provides that Verizon may

charge Butto with any collection fees that Verizon is charged by a collection agency used to

collect a debt from Butto.  Butto-Verizon Agreement, Ex. B to Pl.'s Mem.  Further, pursuant to a

collection agreement between Verizon and Collecto (the "Collection Agreement"), Collecto is

compensated by Verizon on a contingency basis, and a commission is earned only when the debt

is collected, not before.   Collection Agreement, Ex. E to Pl.'s Mem., at 10.

Shortly after Butto's Verizon account was transferred to Collecto, Butto received a

collection letter from Collecto concerning the account ("Collection Letter").  *See* Collection

Letter, Ex. G to Pl.'s Mem.  The letter demanded payment of a "principal" amount of $379.31,

$0.00 in interest, and "Fees/Coll Costs" of $68.27 (the "Fees & Costs").  *Id.*  Plaintiff alleges that

these Fees & Costs were contingent fees and at the time Collecto sought to collect them, they had

not been charged by Collecto to Verizon.  Pl.'s Mem. at 3.  Therefore, Plaintiff maintains, at the

time the Collection Letter was sent, no commission had been earned and Butto owed no fees to

Verizon.  *Id.* (citing Collection Agreement, Butto-Verizon Agreement, Collecto Int. Resp., Ex. D

to Pl.'s Mem.).  Further, Plaintiff argues that because Collecto is compensated by Verizon on a

contingency basis only – or when the debt is actually collected – the Fees & Costs were not

expressly authorized by the Collection Agreement because Verizon was never charged by

Collecto.  Pl.'s Mem. at 3 (citing Collection Agreement at 10).  Plaintiff does not appear to be

asserting that she actually paid the Fees & Costs; rather, she claims that the Defendant's actions

in charging collection fees not yet owed violates the FDCPA.  *See generally* Am. Compl.  In the

year prior to the initiation of this action, Collecto sent 18,949 letters to Verizon customers whose

2

accounts were placed with Collecto for collection.  Those letters included a collection fee.

Collecto Supp. Int. Resp. No. 10.  Collecto accumulated $14,986.00 in fees on Verizon debts in

the year preceding the filing of this action.  *See id.* No. 14; Pl.'s Mem. at 3.

### B.    Procedural Posture

On June 23, 2010, Plaintiffs Butto and Houser ("Plaintiffs") filed the Complaint in this

action alleging common law fraud as well as violations of the Fair Debt Collection Practices Act,

15 U.S.C. *et seq.* ("FDCPA") and New York General Business Law, against Defendant Collecto,

Inc. ("Collecto"), a debt collection company.  DE 1.  On October 26, 2010, before Defendant

interposed an answer, Plaintiffs filed an Amended Complaint.  DE 3.  Plaintiffs allege that

Defendant attempted to recover a collection fee on a debt before the fee was incurred, in

violation of the FDCPA.  Am. Compl. ¶¶ 19-24.  Specifically, Plaintiffs allege that Defendant's

actions constitute violations of FDCPA provisions prohibiting the use of deception to collect a

debt (15 U.S.C. §§ 1692e(2), (10)); prohibiting the collection of an unauthorized amount (15

U.S.C. § 1692f(1)); and requiring a debt collector to send the consumer a written notice setting

forth the amount of a debt (15 U.S.C. § 1692g(a)(1)).  *See* Am. Compl. ¶¶ 48-63.  On

November 29, 2010, Defendant interposed an Answer to the Amended Complaint.  *See* DE 5.

On August 9, 2012, Plaintiff Butto filed a Motion for Class Certification.  *See* DE 50.

Defendant opposed the Motion [DE 55] and Plaintiff submitted a Reply in Support [DE 59],

modifying the class definitions in response to Defendant's objections, as described below.

Plaintiff's Motion has been referred to this Court to issue a Report and Recommendation

regarding: (i) whether this case should be certified as a class action pursuant to Federal Rule 23;

(ii) whether the Plaintiff Butto should be appointed as class representative; and (iii) whether

Lemberg & Associates, LLC, should be appointed as class counsel.  *See* DE 60.

II.  **THE APPLICABLE LAW**

A.  **FDCPA**

"The FDCPA was enacted to 'eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Bank v. Pentagroup Fin., LLC*, No. 08-CV-5293, 2009 WL 1606420, at *2 (E.D.N.Y. June 9, 2009) (quoting 15 U.S.C. § 1692(e)).  The FDCPA regulates the collection of consumer debts, defined as debts incurred "primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors.").  When evaluating an FDCPA claim, courts apply the objective "least sophisticated consumer" standard.  *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (adopting the objective standard known as the "least sophisticated consumer" to ensure the FDCPA "protects all consumers, the gullible as well as the shrewd"); *see also Pifko v. CCB Credit Servs., Inc.,* No. 09-CV-3057, 2010 WL 2771832, at *3 (E.D.N.Y. July 7, 2010); *Ostrander v. Accelerated Receivables*, No. 07-CV-827, 2009 WL 909646, at *5 (W.D.N.Y. Mar. 31, 2009).  The FDCPA includes a statutory mechanism for the computation of class awards.  *See* 15 U.S.C. §§ 1692k(a)(2)B, (b)(2).

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e.  The Section specifically identifies conduct by a defendant which violates the statute.  *See* 15 U.S.C. §§ 1692e(1)-(16); *see also Clomon*, 988 F.2d at 1318 ("The sixteen subsections of § 1962e set forth a non-exhaustive list of practices that fall within this ban.").

4

Such conduct includes the false representation of "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for collection of a debt." 15 U.S.C. § 1692e(2). Section 1692e also prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. § 1692e(10); *see also Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996) (finding that "deceptiveness" includes ambiguity). A single violation of Section 1962e is sufficient to establish civil liability under the FDCPA. *See* 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

Section 1692f(1)) prohibits "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1)). Pursuant to Section 1692g(a), a debt collector must send the consumer a written notice containing the amount of the debt, among other things. *See* 15 U.S.C. § 1692g(a). Conduct such as that alleged here has been found to violate the statute. *See, e.g., Hernandez v. Miracle Financial Inc.*, No. 11-4074, 2011 WL 6328216, at *3 (E.D.N.Y. Dec. 13, 2011) (finding plaintiff stated a claim under the FDCPA sufficient to withstand a motion to dismiss regarding the inclusion in a collection letter of a contingent fee not yet charged); *Gathuru v. Credit Control Services, Inc.,* 623 F. Supp. 2d 113, 121-122 (D.Mass. 2009) (granting summary judgment in favor of plaintiff and finding that collection notice falsely represented amount owed where defendant attempted to collect a contingent fee not yet due).

When a plaintiff establishes a violation, he or she may recover statutory damages in an amount not to exceed $1,000, plus any actual damages sustained. *See* 15 U.S.C. §§ 1692k(a)(1),

(a)(2)(A).  Recovery in FDCPA class actions is limited to $1,000 in statutory damages for each

named plaintiff, and the lesser of $500,000 or one percent of the net worth of the defendant debt

collector for the remainder of the class.  *See* 15 U.S.C. §§ 1692k(a)(1), (a)(2)(B).

> **B.** **Rule 23**

Rule 23(a) provides that:

> [o]ne or more members of a class may sue or be sued as
> representative parties on behalf of all only if (1) the class is so
> numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or
> defenses of the representative parties are typical of the claims or
> defenses of the class, (4) the representative parties will fairly and
> adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

In addition to satisfying Rule 23(a), a plaintiff must satisfy one of three criteria set forth

in Rule 23(b).  *Comer v. Cisneros*, 37 F.3d 775, 796 (2d Cir. 1994); *Passafiume v. NRA Group,*

*LLC*, 274 F.R.D. 424, 428 (E.D.N.Y. 2010).  Here, Plaintiff Butto seeks certification under

Rule 23(b)(3) (*see* Pl.'s Mem. at 11) which provides that certification is appropriate when "the

court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).

In determining whether to certify a class, courts take a liberal rather than a restrictive

approach.  *See Caridad v. Metro-North Commuter RR*, 191 F.3d 283, 291 (2d Cir. 1999) (finding

that "the Second Circuit has directed district courts to apply Rule 23 according to a liberal rather

than a restrictive interpretation").  Indeed, a motion for class certification is not an occasion for

examination of the merits of the case.  *See Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 178

(1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or

plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the

requirements of Rule 23 are met.") (internal quotation marks omitted); *In re IPO Sec. Litig.*,

471 F.3d 24, 41 (2d Cir. 2006) (holding that it is improper for a court to assess "any aspect of the

merits unrelated to a Rule 23 requirement").

## III.   DISCUSSION

### A.   Rule 23(a) Analysis

#### 1.   *The Proposed Classes*

Plaintiff initially proposed to certify two classes, as follows:

**Class A**

**All consumers in the State of New York who were sent a collection letter by Defendant within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.**

**Class B**

**All consumers in the State of New York from whom Defendant collected unauthorized "collection fees" on behalf of Verizon.**

Pl.'s Mem. at 3-4 (emphasis in original).

As a first concern, Defendant argues that Plaintiff's Class B definition is flawed in part

because "Plaintiff is not a member of Class B and therefore cannot serve as its representative."

Def.'s Opp. at 9.  Defendant argues that Class B clearly encompasses individuals from whom

Defendant actually procured collection fees and Plaintiff has never paid such fee.  *Id.* (citing

Deposition of Victoria Butto ("Butto Tr."), Ex. 6 to Aff. of John Elliot in Opp. to Pl.'s Motion

for Class Cert. ("Elliot Aff."); Ex. 5 to Pl.'s Mem., at 33, 38-40, 49).  In her Reply, Plaintiff has

amended the Class B definition to include "[a]ll consumers in the State of New York from whom

Defendant collected 'collection fees' on behalf of Verizon on Verizon Wireless accounts."  Pl.'s Reply Mem. in Supp. of Class Cert. ("Pl.'s Reply") [DE 59] at 4.  Plaintiff's amended Class B definition removes the word "unauthorized" from the initial definition, in response to Defendant's argument that describing the collection fees as "unauthorized" speaks to the ultimate issue in the case.  *See* Pl.'s Reply at 4; Def.'s Opp. at 10.  Plaintiff also amended the definition to include only those fees collected on behalf of Verizon on Verizon Wireless accounts, presumably in response to Defendant's argument that Verizon accounts are used for business purposes not regulated by the FDCPA (as outlined more fully below).  *See* Pl.'s Reply at 2-4; Def.'s Mem. of Law in Opp. to Pl.'s Mot. for Class Cert. ("Def.'s Mem.") at 12.  The amended definition clearly still encompasses only those individuals from whom Defendant actually collected a fee.

The Supreme Court has "repeatedly held that 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'"  *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977)).  Indeed, "[c]ontrolling law is clear that 'a class representative must be part of the class…'"  *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92, 2008 WL 2050781, at *3 (S.D.N.Y. May 13, 2008) (noting that the court was not aware of any case permitting a class representative who was not a member of the class) (citing *Falcon*, 457 U.S. at 156); *see also Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000) (affirming denial of class certification under Rule 23(a) because proposed class representative was not a member of the class); *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 96, 100-102 (E.D.N.Y. 2012) (finding plaintiff could not serve as class representative where it was not a member of the class); *Bently v. Verizon Bus. Global, LLC*, No. 07 Civ. 9590,

2010 WL 1223575, at *4 (S.D.N.Y. Mar. 31, 2010) (denying class certification where plaintiff was not a member of the proposed class); *Kuhne v. Midland Credit Mgmt., Inc.*, No. 06 Civ. 5888, 2007 WL 2274873, at *2 (S.D.N.Y. Aug. 9, 2007) (granting judgment on the pleadings where plaintiff alleging FDCPA violations was not a member of the putative class defined in the complaint); *McLean v. Merrifield*, No. 00-CV-0120, 2002 WL 1477607, at *6-8 (W.D.N.Y. June 28, 2002) (denying class certification because proposed class representatives were not members of the class); *Free World Foreign Cars, Inc. v. Alfa Romeo, S.P.A.*, 55 F.R.D. 26, 28-9 (S.D.N.Y. 1972) (same).

In her Reply, Plaintiff does not cite any authority which deviates from this line of cases. Plaintiff argues that *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) supports the proposition that even though Plaintiff Butto did not pay a collection fee, she still may serve as a representative of Class B.  *See* Pl.'s Reply at 4.  In *Keele*, as here, a plaintiff alleged FDCPA violations where debt collectors sent plaintiff a letter seeking collection fees not yet owed.  *Id.* at 591-93.  The plaintiff in *Keele* moved for certification of four separate classes, all defined in some way by the receipt of defendants' collection letters.  *Id.* at 593 n. 5.  The defendants in *Keele* asserted that the plaintiff had no standing to sue because she never paid any of the sought-after collection fees, and therefore could not represent a class of plaintiffs who received similar letters but also paid the fee.  *Id.* at 591-93.  The court found that the injury common to the class representative was not the payment of the collection fees, but rather the receipt of the defendants' collection letters, which were received by every member of the proposed classes, including the proposed class representative.  *See id.* at 593 (noting that the FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages).  Here, unlike in *Keele*, Plaintiff's Class B definition does not include an injury common to Plaintiff and the proposed

9

class.  The only injury common to Class B members is Defendant's collection of the allegedly

illegal fee.  The only other case cited by Plaintiff on this issue, *Deuprey v. Connecticut Dept. of*

*Motor Vehicles*, 191 F.R.D. 329 (D. Conn. 1994), is inapposite.  That case does not address the

issue of whether a class may be certified where the proposed class representative is not a member

of the class; it merely stands for the proposition that typicality is not precluded where differences

in damages arise from a disparity in injuries among potential class members.  *Id.* at 337.  Further,

"[a] determination that the named plaintiff is not a member of the class … is dispositive, and in

that event the court need not consider the other class certification requirements."  *Bently*, 2010

WL 1223575, at *4 (citations omitted).

      Plaintiff Butto does not allege in the Complaint or Amended Complaint that she ever paid

a collection fee.  *See generally* DE 1, 3.  Defendant claims that Butto also denied paying any

such fee during her deposition.  Def.'s Opp. at 9 (citing Butto Tr. at 33, 38-40, 49).  While

Plaintiff does not appear to affirmatively state in the deposition excerpts provided that she did

not pay the collection fee, she certainly indicates that she was not willing to pay such fee.  *See*

Butto Tr. 38:24-40:11.  Further, Plaintiff in the instant motion does not argue that she in fact paid

a collection fee.  *See* Pl.'s Reply at 4.  Since it seems that Defendant never collected a fee from

her, Butto cannot be a member of Class B.  As noted, under the relevant precedents, a

determination that the named plaintiff is not a member of the class is dispositive, and other class

certification requirements need not be considered.  *See Bently*, 2010 WL 1223575, at *4.

Therefore, the Court respectfully recommends to Judge Spatt that Plaintiff's motion for class

certification as to proposed Class B be denied.

### 2.    *Class A Analysis*

Unlike the proposal regarding the composition of Class B, Plaintiff Butto has alleged

facts which place her within the framework of the proposed Class A plaintiffs.

### a.    **Numerosity**

Numerosity is satisfied when the class is numerous enough to make joinder of all

members impracticable.  FED. R. CIV. P. 23(a).   A plaintiff is not obligated to identify the exact

number of class plaintiffs.  *See Rbidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993); *Passafiume*,

274 F.R.D. at 429; *Boyd v. Interstate Brands Corp.,* 256 F.R.D. 340, 357 (E.D.N.Y. 2009).

However, the Second Circuit has previously determined that numerosity is presumed at a figure

of 40.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  "[C]ourts

may make common sense assumptions to support a finding of numerosity."  *Aramburu v.

Healthcare Fin. Servs.*, No. 02 CV 6535, 2005 WL 990995, at *2 (E.D.N.Y. Apr. 14, 2005)

(quoting *Weissman v. ABC Fin. Servs.*, *Inc.,* 203 F.R.D. 81, 84 (E.D.N.Y. 2001)) (internal

quotations omitted).  Numerosity may be established where "the defendant used standardized

forms in collecting debts and evidence in the record reflects that the potential class members

number in the thousands."  *Aramburu* , 2005 WL 990995, at *2-3.

Plaintiffs argue that the 18,949 collection letters Collecto sent on behalf of Verizon

establish numerosity.  Pl.'s Mem. at 6-7.  Defendant does not appear to dispute that these letters

were sent.  Rather, Defendant argues that many of the individuals receiving these letters may not

be members of the proposed class because individuals receiving the letters may have had

differing agreements with Verizon and may have used Verizon accounts for business purposes,

and business debt is not regulated by the FDCPA.  *See* Def.'s Mem. at 12 (citing

15 U.S.C. § 1692a(5)).  Defendant further argues that Plaintiff does not offer any evidence

allowing for an estimation of how many consumers receiving the form letter would fall within

the class.  Def.'s Mem. at 12.

In response, Plaintiff submits a series of Verizon Wireless Customer Agreements from

2006-2010, illustrating that these agreements have identical language pertaining to collection

fees.  *See* Pl.'s Reply at 1 (citing 2006-2010 Verizon Wireless Customer Agreements, Ex. A to

the Decl. of Stephen Taylor in Supp. of Pl.'s Mot. for Class Cert. ("Taylor Decl.") [DE 59-1]).

Further, Defendant has conceded that the form letter sent to Plaintiff Butto is "similar to letters

sent to others."  *See* Am. Compl. ¶ 25; Answer ¶ 25; Collecto Supp. Int. Resp. No. 10

(identifying 18,949 letters including collection fees that were sent to Verizon customers).

Plaintiff also argues that Verizon Wireless customers such as Plaintiff are "consumers"

under the FCPA, using their Verizon accounts "primarily for personal, family, or household

purposes" as required under 15 U.S.C. § 1692a(5).  *See* Pl.'s Reply at 2.  Plaintiff here seeks to

represent Verizon Wireless account holders only and not holders of Verizon Business or Verizon

Telecom accounts.  Pl.'s Reply Mem. at 3.  Under the Collection Agreement, Plaintiff argues,

Collecto was mandated to comply with all provisions of the FDCPA for Verizon Wireless

Accounts, indicating that these accounts are consumer-related.  Pl.'s Reply Mem. at 2; Collection

Agreement at 52.  Moreover, Verizon mandated FDCPA compliance for Verizon Wireless

accounts only – not for Verizon Business and Verizon Telecom.  Pl.'s Reply Mem. at 3; *see*

*generally* Collection Agreement.  The Defendant asserts that the definition of the class proposed

as Class A has the potential to encompass non-class members.  Pl.'s Reply Mem. at 3.  In

response, Plaintiff is amending the Class A definition to read as follows below.   The Court has

placed in boldface and italics the additional wording included in the amended definition:

> All consumers in the State of New York who were sent a collection letter by Defendant **substantially similar to the Letter sent to Plaintiff for a Verizon Wireless account** within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon **Wireless** service which had not yet been incurred at the time the letter was sent.

Pl.'s Reply at 3-4.  The amendment clarifies that Plaintiff seeks to represent only Verizon Wireless account-holders and not Verizon Business or Verizon Telecom customers.  Further, the amended definition clarifies that Class A members are individuals who were sent collection letters "substantially similar" to the letter sent to Plaintiff.

The Court notes that it is not clear that all of Defendant's 18,949 collection letters were sent to Verizon Wireless account-holders as opposed to Verizon Business or Verizon Telecom customers.  *See* Def.'s Supp. Int. Resp. No. 10 (collection letters were sent to 18,949 "Verizon customers.")  However, common-sense suggests that at least some percentage of the 18,949 letters were sent to Verizon Wireless customers, and that potential class members likely number in the thousands.  Based on the foregoing, the Court concludes that Plaintiff has established the first criterion of numerosity.

### b.    Commonality and Typicality

Commonality and typicality, although two distinct requirements for class certification, are closely related.  As the Supreme Court recently clarified, "[w]hat matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Wal-Mart Stores Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rev. 97, 131, 132 (2009)).  Commonality is satisfied "if plaintiffs' grievances share a common question of law or fact."

*Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).  Put another way, what is needed is a

common nucleus of operative facts or an issue that affects all members of the class.  *Brown v.*

*Kelly*, 609 F.3d 467, 475 (2d Cir. 2010); *In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145,

166-67 (2d. Cir. 1987).  Indeed, this requirement is "qualitative rather than quantitative - that is,

there need only be a single issue common to all members of the class."  *Savino v. Computer*

*Credit, Inc.,* 173 F.R.D. 346, 352 (E.D.N.Y. 1997); *Ayzelman v. Statewide Credit Services Corp*.,

238 F.R.D. 358, 363 (E.D.N.Y. 2006).   Therefore, individual circumstances of the class

members may differ without precluding class certification.  *See Vengurlekar v. Silverline Tech.,*

*Ltd.*, 220 F.R.D. 222, 227 (S.D.N.Y. 2003) (finding that individual circumstances are acceptable

if "common questions are at the core of the cause of action alleged."); *Teachers Retirement Sys.*

*Of Louisiana*, 01-CIV-11814, 2004 U.S. Dist. LEXIS 25927, at *11 (S.D.N.Y. Dec. 27, 2004)

("Factual variations among class members will not defeat the commonality requirement so long

as the claims arise from a common nucleus of operative facts.").

    With regard to typicality, "Rule 23(a)(3) requires that 'each class member's claim arises

from the same course of events and each class member makes similar legal arguments to prove

the defendant's liability.'"  *Assif v. Titleserv., Inc.*, – F. Supp. 2d –, 2012 WL 6212844, at *4

(E.D.N.Y. Dec. 13, 2012) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)).

"When it is alleged that the same unlawful conduct was directed at or affected both the named

plaintiff and the class sought to be represented, the typicality requirement is usually met

irrespective of minor variations in the fact patterns underlying the individual claims."  *Robidoux*,

987 F.2d at 936-937; *see also Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72-73

(E.D.N.Y. 2004) (regarding typicality, "the mere existence of individualized factual questions

14

with respect to the class representative's claim will not bar class certification") (citations omitted).

Defendant argues that commonality and typicality are not met here because individualized inquiries must be made into each and every class member's debt to determine whether it is a consumer debt, since potential class members may have used their Verizon accounts for business purposes.  Def.'s Opp. at 12-13.  This inquiry is difficult, Defendant alleges, because whether the underlying debt is "consumer" in nature cannot be determined ministerially from any readily available set of records, and the proportion of any particular account used for business purposes will vary greatly.  *Id.* at 13.

Contrary to Defendant's assertion, "the need to determine the consumer nature of a debt does not automatically preclude class certification."  *Berrios v. Sprint Corp.*, No. CV-97-0081, 1998 WL 199842, at *9 (E.D.N.Y. Mar. 16, 1998); *see Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 57 (D. Conn. 2000) ("[D]ifficulties in differentiating consumer and commercial debts does not serve as a bar to class certification …"); *Borcherding Dittloff v. Transworld Sys., Inc.*, 185 F.R.D. 558, 563 (W.D. Wis. 1999) (noting that "[d]efendant is wrong to suggest that having to separate consumer debts from commercial debts precludes certification"); *Sledge v. Sands*, 182 F.R.D. 225, 258 (E.D. La. 1998) (rejecting defendant's argument that the need to determine whether each class member's debt was for personal purposes ruins commonality, as it would be impossible to ever bring an FDCPA class action under this reasoning).  "Instead, courts should examine the general nature of the debts and the ease of separating consumer from business debts finding class certification appropriate in a variety of circumstances."  *Berrios*, 1998 WL 199842, at *9.

15

In *Berrios*, for example, the court granted certification of a class encompassing residential telephone accounts that may have been used for business purposes, because there was a "substantial likelihood" that the account-holders used the accounts "primarily for personal, family, or household purposes." *Id.*  As noted, Plaintiff has amended the Class A definition to include only Verizon Wireless account-holders.  Pl.'s Reply at 3-4.  Here, as in *Berrios*, there is a "substantial likelihood" that the Verizon Wireless accounts were used primarily for personal, family, or household purposes, especially given the fact that Verizon has separate lines for Verizon Business and Verizon Telecom accounts.  Further, as noted previously, under the Collection Agreement, Verizon mandated compliance with the FDCPA for Verizon Wireless accounts but not for Verizon Business and Verizon Telecom accounts.  This agreement language indicates that at least Verizon believed Verizon Wireless accounts were subject to FDCPA regulations.  Pl.'s Reply Mem. at 2-3; *see* Collection Agreement.

Defendant further argues that commonality and typicality are not met because individualized inquiries must be made into the particular agreements each potential class member had with Verizon, as well as into the content of the collection letters Defendant sent to each class member, and into "other potentially individualized issues …"  Def.'s Opp. at 13.  As discussed, Plaintiff has submitted Verizon Wireless customer agreements from 2006-2010, illustrating that these agreements have identical language pertaining to collection fees.  *See* Pl.'s Reply at 1; 2006-2010 Verizon Wireless Customer Agreements.  Further, Plaintiff's amended Class A definition clarifies that class members are individuals who were sent collection letters "substantially similar" to the letter sent to Plaintiff.  Also, Defendant has conceded that the Collection Letter sent to Plaintiff Butto is "similar to letters sent to others."  *See* Am. Compl. ¶ 25; Answer ¶ 25; Collecto Supp. Int. Resp. No. 10.  As to any other unarticulated "potentially

16

individualized issues," the Court observes that individual circumstances of the class members may differ without precluding class certification, as long as there is a common issue that affects all members of the class.  *See Vengurlekar*, 220 F.R.D. at 227; *Teachers Retirement Sys. of Louisiana*, 2004 WL 2997957, at *4.

Finally, Defendant contends that class certification is not appropriate because there are particular defenses unique to the named Plaintiff which preclude class certification.  Def.'s Opp. at 14 (citing *Gary Plastic Packaging v. Merill Lynch*, 903 F.2d 176, 180 (2d Cir. 1990)). Specifically, Defendant alleges that Plaintiff Butto failed to utilize the specific statutory debt dispute and validation procedure set forth in the FDCPA (15 U.S.C. § 1692g), which Defendant claims is required before commencing an FDCPA action.  *Id.* at 14-15 (citing *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002)).

The existence of defenses unique to the named plaintiff may preclude class certification if the unique defenses "threaten to become the focus of the litigation."  *Gary Plastic Packaging*, 903 F.2d at 180.  Defendant relies on *Bliech* to support its proposition that Plaintiff must first seek relief under the FDCPA debt dispute procedure before filing an action with the court. Def.'s Opp. at 15.  In *Belich*, the plaintiff claimed that a bill which was the subject of collection efforts had already been paid.  Demanding that the bill be paid (again), Plaintiff maintains, violated FDCPA prohibitions on false and misleading practices.  *Id.* at 500.  The court in *Bliech* required the plaintiff  to follow the debt dispute procedure outlined in the FDCPA and held that "the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA."  *Id.*  Plaintiff here argues that she does not attack the accuracy of a bill *standing alone.*  Pl.'s Mem. at 6.  Instead, she

attacks Defendant's alleged practice of charging unearned fees and violating the FDCPA when the collection fee Defendant told her was owed had in fact not been incurred. *Id.*

Defendant also contends that Plaintiff Butto has denied signing the Butto-Verizon Agreement, which may "result in differing legal issues" among class members. Def.'s Opp. at 15 (citing Butto Tr. at 16:25-32). Defendant does not explain how this might constitute a unique defense. Plaintiff maintains that Butto has not denied signing the Agreement. Rather, Plaintiff could not authenticate her signature on a copy of the Agreement shown to her during her deposition. Pl.'s Mem. at 7 n. 1. In any case, Plaintiff asserts that whether or not Butto or other class members signed a Verizon Wireless customer agreement does not preclude recovery under the FDCPA. *Id.* at 6-7 (citing *Fedotov. v. Peter T. Roach & Associates, P.C.*, 354 F. Supp. 2d 471, 476 (S.D.N.Y. 2005)). Without addressing the merits of Defendant's potential defenses, the Court concludes that Defendant has not articulated a defense unique to Plaintiff that precludes class certification.

In sum, the central issue in this case is whether the Defendant mailed a substantially similar collection letter which violated the FDCPA. Therefore, common issues exist sufficient to satisfy the commonality requirement. Further, all of the alleged class members' claims arise out of identical or substantially similar collection letters, resulting in the same violations of the FDCPA being implicated for each class member. Thus, the class members' claims are typical of one another.

c. **Adequacy of Representation**

To satisfy this factor, a plaintiff must demonstrate two elements: (1) "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and (2) "class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A.*,

126 F.3d at 378 (internal citations and quotations omitted); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* (2d Cir. 2009) (conceptualizing first prong as whether "plaintiff's interests are antagonistic to the interest of other members of the class").

Defendant does not assert a conflict of interest between Plaintiff Butto and other potential class members. Instead, Defendant argues that Butto has made no showing as to her "familiarity with the action, her participation in decision-making in the case, her ability or willingness to bear the costs of the action or her understanding of the comparative merits of class and individual actions." *See* Def.'s Opp. at 16.

Although some of the deposition testimony highlighted by the Defendant in its brief may raise some question, that testimony itself does not warrant denial of class certification. Sections of Butto's deposition testimony reflect which that she read and approved the Complaint (Butto Tr. 46:20-47:1); understood that individuals receiving a similar collection letter could be members of the proposed class and would get a percentage of the recovery (*id.* 49:24-50:04, 59:4-7); and that she would be liable for her fair share of class costs (*id.* 54:25-55:14). The proposed class representative in this case is not merely "a key to the courthouse door" for her attorneys; she is an unsophisticated consumer allegedly victimized by the Defendant. *See Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978). Further, the Court does not identify any antagonism between Plaintiff's claims and those of the proposed Class A which would interfere with Plaintiff's ability to act as class representative.

With respect to appointing class counsel, the Court considers the following factors:

(1)    the work counsel has done in identifying or investigating potential claims in the action;

(2)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(3)      counsel's knowledge of the applicable law; and

(4)      the resources counsel will commit to representing the class.

*See* FED. R. CIV. P. 23(g)(A) (cited in *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363,

375 (S.D.N.Y. 2007)).  The court may also consider any "other matter pertinent to counsel's

ability to fairly and adequately represent the interests of the class."  FED. R. CIV. P. 23(g)(B);

*Iglesias-Mendoza*, 239 F.R.D. at 375 (citation omitted).  No single factor is dispositive.  *In re*

*J.P. Morgan Chase Cash Balance Litig*., 242 F.R.D. 265, 277 (S.D.N.Y. 2007) (citation

omitted).

Plaintiff Butto is represented by Sergei Lemberg of Lemberg & Associates, L.L.C.

Defendant claims that Butto's alleged unfamiliarity with the action, her "complete abdication of

the case to counsel" and counsel's alleged failure to inform Butto about settlement proposals

precludes class certification.  Def.'s Opp. at 18.  As indicated above, Butto's deposition

testimony does not reflect that she is unfamiliar with this case or that she has abdicated all

responsibility to counsel.  Further, it is unclear from Butto's deposition testimony whether

counsel failed to inform her of any settlement proposals.  *See* Butto Tr. 50:16-25.[2]

Plaintiff's counsel has ample experience to serve as counsel to a class certified under the

FDCPA.  Sergei Lemberg graduated from the University of Pennsylvania Law School in 2001.

Decl. of Sergei Lemberg in Supp. of Class Cert. ("Lemberg Decl.") [DE 51-8] ¶ 3.  He is a

member of the bars of New York, Connecticut and Massachusetts and is admitted to practice in a

multitude of federal courts, including this Court, the Southern District of New York and the

---

[2]      During Butto's deposition, she first denied having received a settlement offer from
Defendant.  Butto Tr. 50:16-18.  Then, when asked if it would come as a surprise to her that
Collecto had offered to pay her $1,001, Butto answered "no."  *Id.* at 50:19-23.  Then, when
asked if she had heard of the settlement offer before, she answered "no."  *Id.* at 50:24-25.

Second Circuit Court of Appeals.  Lemberg Decl. ¶ 3, 4.   Lemberg & Associates has represented

numerous plaintiffs in FDCPA actions.  *See* Pl.'s Mem. at 10 (citing cases); Lemberg Decl. ¶ 10.

The firm has prosecuted over four thousand consumer rights actions throughout the country,

including consumer class actions.  Lemberg Decl. ¶ 6.  Their website reflects the fact that

FDCPA cases comprise a regular part of the firm's law practice.  *See* http://lemberglaw.com/.

Lemberg & Associates have represented the Plaintiffs in this action for over two years, since the

filing of the initial Complaint in June 2010.   Attorney Lemberg attests that Lemberg &

Associates is committed to the prosecution of this case on behalf of the proposed classes and the

proposed class representative, and that the firm will continue to use its experiences and resources

to that end.  *Id.* ¶ 8.  Thus, this Court finds that counsel will adequately represent the class.  *See*

*Assif*, 2012 WL 6212844, at *5; *Passafiume*, 274 F.R.D. at 429; *Ayzelman*, 238 F.R.D. at 363-

364.

### B.      Rule 23(b) Analysis

Under Rule 23(b)(3), before certifying a class, the Court must determine whether

questions of law or fact predominate over the individual issues presented.  FED. R. CIV. P.

23(b)(3); *Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 244 (E.D.N.Y. 2012).  "In order to

meet the predominance requirement of Rule 23(b) (3), a plaintiff must establish that the issues in

the class action that are subject to generalized proof, and thus applicable to the class as a whole

. . . predominate over those issues that are subject only to individualized proof."  *In re Visa*

*Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001); *See also Meyers v. Hertz*

*Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (finding predominance met "if resolution of some of the

legal or factual questions that qualify each class member's case as a genuine controversy can be

achieved through generalized proof, and if these particular issues are more substantial than the

issues subject only to individualized proof") (quoting *Moore v. Paine Webber, Inc.,* 306 F.3d 1247, 1252 (2d Cir. 2002)).  If predominance is found, a Court must also determine whether "a class action is superior to other available methods for . . . adjudicating a controversy."  FED. R. CIV. P. 223(b)(3); *Massey*, 285 F.R.D. at 244.

Defendant here argues that predominance is not satisfied, referring the Court to the same arguments it asserted on the issues of commonality and typicality.  Def.'s Opp. at 19.  These arguments consist of the potential differences in (i) the Verizon customer agreements and (ii) the collection letters sent by Defendant, and (iii) other "potential" individualized issues.  Def.'s Opp. at 13.  As noted, Plaintiff has provided copies of the Verizon Wireless customer agreements from 2006-2010 illustrating that these agreements have identical language pertaining to collection fees.  *See* 2006-2010 Verizon Wireless Customer Agreements; Pl.'s Reply at 1.  Plaintiff has also amended the definition of Class A to include as potential class members only those individuals who received collection letters "substantially similar" to the letter received by Plaintiff Butto.  Thus, the Court finds that the issues regarding the substantially similar collection letters sent by Defendant predominate over any issues that are subject to individualized proof.  Likewise, a class action here appears to be the superior method for the "fair and efficient adjudication" of a suit potentially involving over 18,000 individuals with identical or nearly identical claims.

## IV.   CONCLUSION

For all of the foregoing reasons, this Court respectfully recommends to Judge Spatt that Plaintiff's Motion for Class Certification be DENIED with respect to Class B, but GRANTED with respect to Class A, as reflected in the amended definition:

**Class A**

**All consumers in the State of New York who were sent a collection letter by Defendant substantially similar to the**

> **Letter sent to Plaintiff for a Verizon Wireless account within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon Wireless service which had not yet been incurred at the time the letter was sent.**

*See* Pl.'s Reply at 3-4 (emphasis in original).  The Court further recommends that Plaintiff Victoria Butto be appointed as Class A representative and that Lemberg & Associates, LLC, be appointed as class counsel.

## V.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* FED. R. CIV. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      February 16, 2013

                                          /s/ A. Kathleen Tomlinson
                                          A. KATHLEEN TOMLINSON
                                          U.S. Magistrate Judge