UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA BUTTO, LAKESHA HOUSER, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> COLLECTO, INC. D/B/A EOS/CCA, <br><br> Defendants. | Civil Action No.:  2:10-cv-02906(ADS)(AKT) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT AGREEMENT**

**I.   INTRODUCTION AND BRIEF HISTORY OF THE CASE**

On June 23, 2010, Plaintiff Victoria Butto filed a putative class action complaint on behalf of New York residents to whom Defendant Collecto, Inc. d/b/a EOS/CCA ("Collecto" and/or "Defendant") sent collection notices claiming a balance on their outstanding Verizon accounts that included collection costs that were not due or owing.  Plaintiff alleged that, by sending the letters claiming that collection costs were due, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

On March 29, 2013, the Court adopted a report and recommendation granting in part Plaintiff's motion for class certification.  After arms-length negotiations between all parties before Magistrate Judge A. Kathleen Tomlinson, the parties reached an agreement to settle the case on a class basis.  The Class Action Settlement Agreement is attached hereto as Exhibit A.  The proposed Class Notice and Claim form is attached as Exhibit B.  Plaintiff respectfully requests that the Court enter the Proposed Order for: (1) preliminary approval of class settlement and class notice; and (2) setting final approval hearing, attached as Exhibit C.

## II.     THE SETTLEMENT AGREEMENT

On March 29, 2013, the Court entered an order certifying a class of:

> All consumers in the State of New York who were sent a collection letter by Defendant substantially similar to the Letter sent to Plaintiff for a Verizon Wireless account within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon Wireless service which had not yet been incurred at the time the letter was sent.

*Butto v. Collecto Inc.*, 290 F.R.D. 372, 397 (E.D.N.Y. 2013).  The Court declined to certify a separate class of consumers from whom Defendant collected allegedly unauthorized "collection fees." *Id*. at 389, 391.

Given the inherent risks if the Action were to proceed to trial, the parties agreed to resolve the matter to avoid the expense and uncertainties of future litigation.  The terms of the settlement are set forth in detail in the Settlement Agreement.  The settlement reached is one which class counsel believes is favorable, providing substantial benefits to the Class in the following respects:

   a)   Collecto will establish a Settlement Fund in the amount of ninety thousand dollars ($90,000), which is the maximum and total amount Collecto shall be required to pay to the Class pursuant to the agreement;

   b)   The amounts in the Class Action Settlement Fund set forth above shall be distributed *pro rata* to all members of the Class who timely submit valid claim form;

   c)   Under no circumstances shall the distribution to any individual class member exceed $1,000, the maximum recoverable on an individual FDCPA claim. 15 U.S.C. § 1692k;

   d)   All class members are given the opportunity to exclude themselves from the Settlement or to object;

    e)    Defendant will, at its expense, retain a Class Action Administrator for purposes of serving notices, updating addresses of Class Members, receiving claims and requests for exclusion, and for distributing the settlement funds to the Class Members;

    f)    Any portion of the Class Members' Settlement Fund described above that remains unclaimed by the respective class members, either because the settlement check was returned as undeliverable or without a forwarding address, or because the settlement check remains uncashed 120 days after distribution, or because any funds otherwise remain after distribution, shall be paid to the Council of Economic Education, 122 East 42nd Street, New York, NY 10168 as a *cy pres* payment, as a cy pres payment.  The Council of Economic Education provides economic and financial education to students from kindergarten through high school (*see* http://www.councilforeconed.org/about/);

    g)    Collecto will make a payment of $5,000 to the Plaintiff for her compensation as Class Representative, subject to Court approval;

    h)    Collecto agrees to make a separate payment of up to $95,000 to Class Counsel for attorney's fees and costs, which amount the District Court will be asked to approve by a separate motion that Defendant agrees not to oppose to the extent Plaintiff's counsel does not seek more than $95,000.

### III. ARGUMENT

#### A. The Court's Role in the Preliminary Approval of a Class Action Settlement

As part of Rule 23(e)'s "fairness, reasonableness, and adequacy" inquiry the court must first determine whether the terms of the proposed settlement warrant "preliminary approval." *See* Fed. R.

Civ. P. 23(e)(1)(B)-(C). Preliminary approval is a two-step process. *See In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (*citing* Fed. R. Civ. P. 23(e); Manual for Complex Litigation (Third) § 30.41 (1995)). The first step is for the court to "make[s] a preliminary evaluation of the fairness of the settlement." *In re Nasdaq Antitrust Litig.,* 176 F.R.D. at 102. Thus, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Id.* (citing Manual for Complex Litigation (Third) § 30.41 (1995)); *accord In re IPO Litig.,* 226 F.R.D. at 191. Upon preliminary approval, the court "must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *In re IPO Litig.,* 226 F.R.D. at 191. At the fairness hearing, "[c]lass members (and non-settling defendants whose rights may be affected by the proposed settlement) then have an opportunity to present their views of the proposed settlement, and the parties may present arguments and evidence for and against the terms, before the court makes a final determination as to whether the proposed settlement is 'fair reasonable, and adequate.' " *Id.* (*citing* Manual for Complex Litigation (Fourth) § 21.632–21.635 (2004)).

Public policy favors the settlement of class actions. *See Denney v. Jenkens Gilchrist,* 230 F.R.D. 317, 328 (S.D.N.Y.) ("There is a 'strong judicial policy in favor of settlements, particularly in the class action context.' 'The compromise of complex litigation is encouraged by the courts and favored by public policy.' ") (footnotes and citations omitted) *aff'd in part and vacated in part,* 443 F.3d 253 (2d Cir. 2006). "Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation. There is a strong public interest in quieting any litigation; this is 'particularly true in class actions.' " *In re*

*Luxottica Group S.p.A. Sec. Litig.* (*In re Luxottica Group Litig.*), 233 F.R.D. 306, 310 (E.D.N.Y.2006) (citations omitted). However, courts may not "rubber stamp approval in favor of an independent evaluation." *Detroit v. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir. 1974) *abrogated on other grounds, Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43 (2d Cir. 2000). The final approval of any proposed class settlement requires "careful balancing," *In re Luxottica Group Litig.,* 233 F.R.D. at 310, of the three Rule 23(e) factors, "fair [ness], reasonable[ness], and adequa[cy]," Fed. R. Civ. P. 23(e)(1)(C).

### B. The Settlement Warrants Preliminary Approval

The initial analysis of the terms and features of the proposed class settlement of this case should give the Court confidence that it merits serious consideration by the class members, and that it will likely serve as the fair and comprehensive resolution of class members' claims.

Settlements negotiated at arm's-length by experienced class counsel are presumed to warrant preliminary approval. As one distinguished commentator on class actions has noted:

> There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.
>
> * * *
>
> The initial presumption of fairness of a class settlement may be established by showing that:
>
> (i) the settlement has been arrived at by arm's-length bargaining;
>
> (ii) sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; [and]
>
> (iii) the proponents of the settlement are counsel experienced in similar litigation.

HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11:41, 92-93 (4th ed. 2002).

Here, all three prerequisites to the presumption of preliminary fairness are satisfied.

5

First, the terms of the Settlement were reached through arm's-length negotiations, including a mediation session before Magistrate Judge Tomlinson. The settlement discussions were extensive and adversarial. (Lemberg Decl. ¶¶ 3-4).

Second, the Settlement was reached after extensive discovery into the facts supporting the allegations in the Complaint. (Lemberg Decl. ¶ 7). Given the procedural status of the Action and the time invested in its prosecution and defense, the Parties have a solid grasp of the respective strengths and weaknesses of their positions.

Third, the proponents of the Settlement are highly experienced in class action litigation. (Lemberg Decl. ¶ 8). The opinion of experienced counsel, as here, supporting the settlement is entitled to considerable weight. *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 575 (S.D.N.Y. 2008) ("a class action settlement enjoys a 'presumption of correctness' where it is the product of arm's length negotiation conducted by experienced, capable counsel.") (citation omitted).

Additionally, this settlement agreement is fair to class members. Defendant agrees to fund a settlement of $90,000 to the class. If each and every class member submits a claim form, the recovery would equal $5.00, more than what this Court has previously approved in FDCPA class actions. *See Passafiume v. NRA Grp., LLC*, 274 F.R.D. 424, 43 (E.D.N.Y. 2010). Assuming a claim rate of 15%, as assumed in *Passafiume*, class recovery would equal $33.33 per member. Under the FDCPA, 15 U.S.C. § 1692k, if a determination were to be made that Defendant violated the FDCPA, the Defendant would be obligated to pay the lesser of 1% of its net worth or $500,000. The net worth of the Defendant has been disputed in this case. The Defendant presented evidence that net worth was low to negative, and Plaintiff identified evidence of a higher net worth. Given the inherent risks with future litigation, class counsel views the settlement figure of $90,000 as a boon to the class where little or no recovery is a possibility.

1. **Incentive Award to the Named Plaintiff and Attorney's Fees**

The award of $5,000 to Ms. Butto is well within the reasonable range of approval and does not reflect preferential treatment. *See Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814, *5-6 (E.D.N.Y., Feb. 9, 2006) (authorizing $5,000 incentive award); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005) (approving incentive award of $5,000 to three named plaintiffs) (collecting cases). Ms. Butto has been an active participant in this case for almost four years. She has been readily available throughout for conferences, depositions, supplying documents and answering discovery. But for her efforts and desire to stick with this case on a class wide basis, class members would receive nothing. The incentive payment to her is appropriate and in line with similar FDCPA cases.

Plaintiff's counsel will petition the Court for $95,000 in combined fees and costs, which has spanned four years. $95,000 in fees and costs is well within the range for approval of an FDCPA class action. *De La Paz v. Rubin & Rothman, LLC*, 11-cv-09625, 2013 WL 6184425, *13 (S.D.N.Y., Nov. 25, 2013) (approving $85,634.60 in attorneys' fees in matter litigated far less than the case at bar and which achieved a class settlement fund of $62,500.00 (11-cv-09625, Doc. No. 35, pg. 9); *Gross*, 2006 WL 318814 at *6 (approving $115,000 in fees in FDCPA class action in case less litigated than the case at bar). Plaintiff's counsel has litigated this matter since June, 2010. This case has seen substantial briefing on Defendant's motion to compel arbitration (and reconsideration of the Court's order denying the motion), Plaintiff's motion for class certification (and Defendant's objections to the Magistrate's Report and Recommendation granting certification). The Parties have engaged in comprehensive discovery: interrogatories, document production, depositions and motions to compel. Plaintiff's counsel will submit their petition for fees and costs to be heard during the fairness hearing. *See Passafiume*, 274 F.R.D. at 431 ("plaintiffs'

7

attorney will be given an opportunity to make an application for appropriate attorney fees during the fairness hearing").

Because the class representative incentive and attorneys' fees and costs do not reflect preferential treatment and within the range of approval, the settlement should be preliminarily approved and notice provided to the Class.

**C.   The Proposed Notice to the Class Members is Adequate**

Under Fed. R. Civ. P. 23(e), class members are entitled to notice of any proposed settlement before it is finally approved by the Court. MANUAL FOR COMPLEX LITIGATION THIRD (1995) §30.212. The Settlement Agreement proposes notice of the Settlement be provided to all class members and a mailing to the known address, as determined from Collecto records. The settlement administrator will also make a follow-up mailing for any notice that is returned by utilizing national address and credit databases.

Under Rule 23(e) and Constitutional notions of due process, adequate notice must be given to all potential class members to enable them to make an intelligent choice as to whether to opt-out of the class. The Supreme Court has held that Rule 23 and due process do not require delivery of actual notice to every class member. Rather "notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). In addition, it is well-settled that in the usual situation, first class mail of the notice and claim form to each class member satisfies Rule 23's notice requirements. *Passafiume*, 274 F.R.D. at 431; *Bourlas v. Davis Law Associates*, 237 F.R.D. 345, 356 (E.D.N.Y. 2006).

In this case, the Notice attached as Exhibit B provides ample description of the case and Class Member's rights to recover, opt-out or object. Collecto will provide a name and last known address for each class member. If the mailing to the last known address is returned, the personal

information on each class member will be used to obtain a new address, and another mailing will be sent. This procedure fully satisfies the requirements of due process and Rule 23, and should be approved by the Court.

   D.   **A Final Fairness Hearing Should Be Scheduled**

The Court should schedule a final fairness hearing to obtain all required information to determine that class certification is proper and the settlement should be approved. See Manual for Complex Litigation, Third §30.44 (1995). The fairness hearing will provide a forum for proponents and opponents to explain, describe or challenge the terms and conditions of the class certification and settlement, including the fairness, adequacy and reasonableness of the settlement. Accordingly, Butto requests that the Court schedule the time, date, and place of the final fairness hearing.

**IV.   CONCLUSION**

For all these reasons, Plaintiff respectfully requests that this Court enter an order: (1) preliminarily approving the attached Settlement Agreement; (2) directing that Notice to the Settlement Class be given, in the form attached to this motion as Exhibit A and (3) setting dates for opt-outs, objections, and a Final Approval Hearing.

Dated: March 19, 2014

>                               Respectfully submitted:
>                                /s/ Sergei Lemberg
>                               Sergei Lemberg
>                               Stephen Taylor
>                               Lemberg Law
>                               1100 Summer Street
>                               Stamford, CT 06905
>                               Tel: (203) 653-2250
>                               Fax: (203) 653-3424
>                               Email: slemberg@lemberglaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 19, 2014, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system which sent notice of such filing to the following:

Jonathan Elliot, Esq.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

                                                /s/ Sergei Lemberg
                                                Sergei Lemberg