# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIO BUTTO,<br>LAKESHA HOUSER, on behalf of<br>themselves and all others<br>similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>COLLECTO, INC. D/B/A EOS/CCA,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:  No. 2:10-cv-02906-ADS-AKT<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement and Release ("Agreement") between Plaintiff Victoria Butto ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant"), was reached after arms-length negotiations between all parties before Magistrate Judge A. Kathleen Tomlinson.

## **PREAMBLE**

WHEREAS, on June 23, 2010, Plaintiff filed a putative class action Complaint brought on behalf of New York residents to whom Defendant sent collection notices claiming a balance on their outstanding Verizon accounts that included collection costs. Plaintiff alleged that, by sending the letters claiming that collection costs were due, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA").

WHEREAS, on March 29, 2013, the United States District Court (Spatt, J.) entered an order certifying a class of:

1

> All consumers in the State of New York who were sent a collection letter by Defendant substantially similar to the Letter sent to Plaintiff for a Verizon Wireless account within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon Wireless service which had not yet been incurred at the time the letter was sent.

WHEREAS, Class Counsel recognizes the expense and duration of continued proceedings necessary to continue the litigation against Defendant through trial and possible further appeals. Class Counsel also has taken into account the uncertainty and risk of the outcome of the litigation and the difficulties and delays inherent in such litigation. Class Counsel is aware of the burden of proof necessary to establish liability for the alleged claims under the federal and state statutory law and of Defendant's defenses thereto. Class Counsel has made a careful analysis of documents and data provided by Defendant. This settlement is the result of arms-length settlement negotiations between Class Counsel and counsel for Defendant. Based upon their investigation and understanding of the law, and an analysis of the benefits which the Agreement affords to the Settlement Class, Class Counsel has determined that the settlement set forth in this Agreement is in the best interests of the Class.

WHEREAS, Defendant denies that it is liable in any way to Plaintiff or the Class Members and denies that its actions violated the FDCPA in any manner. Defendant is, however, willing to enter into this Agreement to avoid the further expense and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made or could be made against the Released Parties by Plaintiff and the Class Members arising out of Defendant's alleged violation of the FDCPA.

## **SETTLEMENT TERMS**

NOW, THEREFORE, it is agreed by and between the undersigned that this lawsuit is settled, subject to final approval by the District Court, proper notice to the class, after a hearing,

and upon entry of a final judgment of dismissal with prejudice as provided in this Agreement, all subject to the following terms and conditions:

1. This Agreement shall not be construed or be deemed to be an admission or concession by Defendant or any other Released Party of any liability or wrongdoing whatsoever, or of any other fact relating to the claims, and Defendant specifically denies that the conduct at issue gives rise to any such liability.

2. The parties agree to undertake and use their best efforts to effectuate this Agreement and to support and conclude the Settlement. As soon as practicable, they will take all necessary steps to secure the District Court's preliminary approval of this Agreement. After notice to members of the class action suit and the proposed settlement, and after the members of the classes have had an opportunity to object to the settlement or to opt-out of the class action suit, the parties will take all steps necessary to secure the District Court's final approval of the Settlement and to secure the dismissal of the lawsuit with prejudice, on and subject to the procedures and conditions set forth.

3. In consideration of the full and complete settlement, release and discharge of all claims, Defendant agrees to pay by the Effective Date (as defined in Paragraph 7 herein), subject to the approval of the Court, the following:

   (A) $90,000 to a Settlement Fund for the benefit of the Class Members who do not exclude themselves from the class and who file a valid claim hereunder.

   (B) A payment of $5,000 to the Plaintiff.

   (C) A payment of up to $95,000 to Class Counsel for attorney's fees and costs, which amount the District Court will be asked to approve by a separate motion that Defendant agrees not to oppose.

4. (a) The amounts in the Class Action Settlement Funds set forth in Paragraph 3 shall be distributed pro rata to all members of the Class who timely submit valid claim forms. The claim form shall require that any class member seeking to qualify for a distribution state, under penalty of perjury, that their debt to Verizon Wireless was incurred for personal and household purposes, not business purposes.

    (b) Under no circumstances shall the distribution to any individual class member exceed $1,000.

5. Any portion of the Class Members' Settlement Funds described in Paragraph 4 herein that remain unclaimed by the respective class members, either because the settlement check was returned as undeliverable or without a forwarding address, or because the settlement check remains uncashed 120 days after distribution, or because any funds otherwise remain after distribution, shall be paid to the Council of Economic Education, 122 East 42nd Street, New York, NY 10168 as a *cy pres* payment.

6. Defendant will, at its expense, retain a Class Action Administrator for purposes of serving notices, updating addresses of Class Members, receiving claims and requests for exclusion, and for distributing the settlement funds to the Class Members.

7. The Effective Date shall mean the termination of this action after all of the following events:

    (A) the Agreement is approved in all respects by the District Court; and

    (B) a Final Order and Judgment of Dismissal with Prejudice is entered with respect to the Plaintiff and all Class Members who do not opt-out as provided by Fed. R. Civ. P. 23 and the time for the filing of any appeals has expired or, if there are any

appeals, approval of the Agreement and the Final Order and Judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmanceis no longer subject to further appeal or review.

8.  As of the Effective Date, Plaintiff, the Class Members, and each of them, hereby release and forever discharge Defendant, its past or present parents, affiliates, subsidiaries, successors, predecessors and assigns, and their present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class Members now have or ever had against the Released Parties, or any of them, arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged in the Complaint concerning the Verizon Wireless accounts. The Plaintiff and the Class Members further agree that the underlying consumer debts which Defendant was attempting to collect are in no way affected by this Agreement and nothing herein shall prevent Defendant, the creditors, or any other authorized party of same, from continuing collection efforts on the debts owed by the Plaintiff or the Class Members.

9.  Promptly after the execution of this Agreement, the parties shall submit this Agreement to the District Court and jointly move for an order (A) granting preliminary approval to the Agreement; (B) approving the proposed Class Notices and directing the Class Administrator to send said Class Notices within 30 days after approval by the District Court (the "Notice Date". The proposed preliminary order and the notices to the Class are attached hereto.

10. The Class Action Administrator will be responsible for sending the applicable notice to the members of the Class by mail to the Class Members' last known address. If any

notices are returned with a forwarding address, the Class Action Administrator will re-serve the notice by mail to the stated forwarding address. Submission of Claim Forms or Exclusions is provided for as follows:

**Opportunity to Opt Out:** Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. Prospective Settlement Class Members may opt out of the Settlement Class by sending a written request for exclusion to the Class Administrator at the address listed in the Class Notice, postmarked no later than sixty (60) days after the Notice Date. Exclusion requests must: (a) be signed by the Settlement Class Member; (b) include the full name, address and telephone number for the Settlement Class Member; and (c) include the following statement "I request to be excluded from the settlement in Victoria Butto, et al. v. Collecto, Inc. d/b/a EOS/CCA, United States District Court for the Eastern District of New York, Case No. 2:10-cv-02906(ADS)(AKT)." No request for exclusion will be valid unless all of the information described above is included. All Settlement Class members who do not opt out in accordance with the terms of this Order and the Settlement Agreement shall be bound by all determinations and judgments in the matter concerning the Settlement, including, but not limited to, the releases provided for therein.

**Claim Form:** For a Settlement Class member to be eligible for the benefits identified in the Settlement Agreement, the Claim Form must be fully completed pursuant to the instructions therein, signed and returned in a proper and timely fashion, via first class U.S. mail or equivalent, postage paid, postmarked on or before sixty (60) days after the Notice Date. Any Claim Form that is not submitted by first class mail or equivalent, or is postmarked after the applicable date, or is not fully completed, or is not addressed to the address in the Claim Form, or is not signed by the Settlement Class Member, will not constitute a Valid Claim and may be

rejected unless otherwise ordered by the Court. Defendant Collecto, Inc. d/b/a EOS/CCA ("Collecto"), Plaintiff Victoria Butto, and/or the Class Administrator shall have the right, but not the obligation, to review each Claim Form, and any supporting documentation that may be required to confirm the information contained thereon.

11. Defendant, pursuant to 28 U.S.C. §1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this Agreement within twenty days of the filing of the Joint Motion for Preliminary Approval and shall file with the District Court notification of Defendant's compliance with 28 U.S.C. § 1715(b). Defendant represents that there are no other certified class actions that involve the members of this Class.

12. Promptly after notice to the Class Members and an opportunity to object, or opt-out as scheduled by the District Court, the parties shall jointly move for a Final Judgment and Order of Dismissal With Prejudice, in substantially the form attached hereto, which gives final approval to this Agreement and the Settlement as fair, adequate and reasonable; dismisses the Complaint with prejudice; and provides that Plaintiff and the Class Members shall be forever barred and enjoined from instituting or further prosecuting any causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class Members now have or ever had against the Released Parties arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged in the Complaint concerning the Verizon Wireless accounts.

13. In the event that the District Court does not approve this Agreement, this entire Agreement shall become null and void except that the parties may agree in writing to proceed with a modified settlement and apply for District Court approval of that modified settlement. In any event, the provisions of Rule 408 of the Federal Rules of Evidence shall apply to this

Agreement. No admission of law, fact, or combination of law and fact will be found to exist as a result of this Agreement, and no part of this Agreement will be admissible in any litigation except as necessary to the settlement of this action.

14. Except as provided for herein, Class Counsel hereby waive, discharge and release the Released Parties from any and all claims for attorney's fees by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

15. The District Court shall retain jurisdiction over the action for purposes of implementing the Settlement.

16. The parties agree that no party shall be deemed to have drafted this Agreement and that this Agreement shall be interpreted in accordance with the laws of the State of New York.

17. This Agreement constitutes the final agreement among the parties and cannot be modified except by written agreement signed by all of the parties and thereafter approved by a court of competent jurisdiction.

18. This Agreement shall become effective upon its execution, which may be done in counterparts, subject to the approval of the United States District Court. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

Dated: March ____, 2014   Victoria Butto, Plaintiff/Class Representative

_____

Dated: March ____, 2014   Collecto, Inc. d/b/a EOS CCA

_____

By: _____

Agreement. No admission of law, fact, or combination of law and fact will be found to exist as a result of this Agreement, and no part of this Agreement will be admissible in any litigation except as necessary to the settlement of this action.

14. Except as provided for herein, Class Counsel hereby waive, discharge and release the Released Parties from any and all claims for attorney's fees by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

15. The District Court shall retain jurisdiction over the action for purposes of implementing the Settlement.

16. The parties agree that no party shall be deemed to have drafted this Agreement and that this Agreement shall be interpreted in accordance with the laws of the State of New York.

17. This Agreement constitutes the final agreement among the parties and cannot be modified except by written agreement signed by all of the parties and thereafter approved by a court of competent jurisdiction.

18. This Agreement shall become effective upon its execution, which may be done in counterparts, subject to the approval of the United States District Court. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

Dated: March 18, 2014     Victoria Butto, Plaintiff/Class Representative

*/s/ Victoria Butto*

Dated: March ___, 2014     Collecto, Inc. d/b/a EOS CCA

By: _____

Dated: March 14, 2014    Collecto, Inc. d/b/a EOS CCA

By: *John F. Burns V2* Vice President
Corporate Services

Dated: March ___, 2014    Class Counsel

Sergei Lemberg, Esq.

Stephen Taylor, Esq.

Lemberg & Associates, LLC

1100 Summer St., Floor 3

Stamford, CT 06905

Tel: 203-653-2250

Fax: 877-795-3666

Email: slemberg@lemberglaw.com

Dated: March 19, 2014    Approved as to Form:

Counsel for Defendant

Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.

1000 Lafayette Boulevard, Suite 500