UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA BUTTO, *on behalf of herself and all others similarly situated*,<br><br>                    Plaintiff,<br><br>    -against-<br><br>COLLECTO, INC. D/B/A EOS/CCA,<br><br>                    Defendants. | Civil Action No.: 2:10-cv-02906(ADS)(AKT) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

Sergei Lemberg
Stephen Taylor
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (203) 653-3424

**Table of Contents**

Table of Authorities ..................................................................................................................ii

Background ...............................................................................................................................1

    I.     STANDARD OF REVIEW OF CLASS ACTION SETTLEMENTS ............................4

    II.    THE GRINNELL FACTORS ARE SATISFIED..............................................................5

          A.    The Complexity, Expense and Likely Duration of the Litigation............................5

          B.    Reaction of the Class to the Settlement...................................................................5

          C.    The Stage of the Proceedings and the Amount of Discovery Completed.................6

          D.    The Risks of Establishing Liability..........................................................................7

          E.    The Risks of Establishing Damages.........................................................................7

          F.    The Risks of Maintaining the Class Action through Trial .......................................7

          G.    The Ability of the Defendants to Withstand a Greater Judgment............................8

    III.   THE INCENTIVE AWARD IS FAIR, REASONABLE AND SHOULD BE
          APPROVED ...................................................................................................................9

    IV.   CLASS COUNSEL'S FEES AND COSTS OF $95,000 IS FAIR, REASONABLE
          AND SHOULD BE APPROVED ...................................................................................9

          A.    Reasonable Hourly Rate.........................................................................................11

          B.    The Hours Expended are Reasonable......................................................................13

Conclusion................................................................................................................................14

# Table of Authorities

**Cases**

*Ace Heating & Plumbing Company v. Crane Company*, 453 Fd. 2d 30 (3d Cir. 1971) ...................... 4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) ................................................................................................................................ 10

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013) ............................................................ 6

*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ........................................ 11

*Butto v. Collecto Inc.*, 2013 WL 1285577 (E.D.N.Y., Mar. 29, 2013) .............................................. 12

*Butto v. Collecto Inc.*, 290 F.R.D. 372, 397 (E.D.N.Y. 2013) ............................................................ 1

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) .......................................................... 5

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) ................................... 8, 10, 12

*Flores v. Anjost Corp.*, 2014 WL 321831 (S.D.N.Y., Jan. 29, 2014) .................................................. 6

*Flynn v. FMC Corporation*, 528 F.2d 1169 (4th Cir. 1975) ............................................................... 4

*Girsch v. Jepson*, 521 F.2d 153 (3d Cir. 1975) .................................................................................. 4

*Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814 (E.D.N.Y., Feb. 9, 2006) ...................... 9, 11

*Guaman v. Ajna–Bar NYC*, 2013 WL 445896 (S.D.N.Y., Feb. 5, 2013) ........................................... 6

*Hnot v. Willis Group Holdings Ltd.*, 2008 WL 1166309 (S.D.N.Y., Apr.7, 2008) ........................... 13

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ....................................... 11

*In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132 (2d Cir. 1998) .................................................. 5

*In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104 (S.D.N.Y. 1997) .......................................... 7

*In re: Toys R Us Antitrust Litigation*, 191 F.R.D. 347 (E.D.N.Y. 2000) ........................................... 5

*Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008) .............................................. 10

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) .............................................. 10

*LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ........................................................... 13

*Miltland Raleigh–Durham v. Myers*, 840 F. Supp. 235 (S.D.N.Y. 1993) ......................................... 13

*Passafiume v. NRA Grp., LLC*, 274 F.R.D. 424 (E.D.N.Y. 2010) ...................................................... 8

*Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105 (E.D. Pa. 2005) ....................................................... 9

*Prasker v. Asia Five Eight LLC*, 2010 WL 476009 (S.D.N.Y., Jan. 6, 2010) ...................................... 6

*Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) ............................................. 9

*Simmons v. N.Y. City Transit Auth.,* 575 F.3d 170 (2d Cir.  2009) ...................................................... 10

*Tatum v. City of New York*, 2010 WL 334975 (S.D.N.Y., Jan. 28, 2010) ........................................... 13

*Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir.  1982) ........................................................................... 5

*Woods v. Sieger, Ross & Aguire, LLC*, 2012 WL 1811628 (S.D.N.Y., May 18, 2012) ..................... 10

*Wright v. Stern,* 553 F. Supp. 2d 337 (S.D.N.Y.2008) .......................................................................... 6

*Zimmerman v. Portfolio Recovery Associates, LLC*, 2013 WL 1245552 (S.D.N.Y. Mar. 27, 2013) ................................................................................................................................... 8

## Statutes

15 U.S.C. §1692k(2)(B)(ii) .................................................................................................................. 3

## Rules

Fed. R. Civ. P. 23(e) ............................................................................................................................ 4

Plaintiff Victoria Butto ("Butto"), on behalf of herself and all others similarly situated and pursuant to Fed. R. Civ. P. 23(e), files this Memorandum of Law in Support of Motion for Final Approval of Class Settlement. Plaintiff respectfully requests that the Court 1) approve the Class Action Settlement Agreement (the "Settlement Agreement") as fair, reasonable and adequate, 2) order dispersal of the class settlement fund of $90,000 to class members who have submitted claim forms, 3) approve an incentive award of $5,000 to the lead Plaintiff, 4) approve $95,000 in attorneys' fees and costs to class counsel and 5) enter the final approval order in the form submitted as Exhibit A to the Motion for Final Approval of Class Settlement.

## BACKGROUND

On June 23, 2010, Plaintiff Victoria Butto filed a putative class action complaint on behalf of New York residents to whom Defendant Collecto, Inc. d/b/a EOS/CCA ("Collecto" and/or "Defendant") sent collection notices claiming a balance on their outstanding Verizon accounts that included collection costs that were not due or owing. Plaintiff alleged that, by sending the letters claiming that collection costs were due, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

On March 29, 2013, the Court adopted the report and recommendation of Magistrate Judge Tomlinson on Plaintiff's motion for class certification. The Court found that Plaintiff met the requirements of Fed. R. Civ. P. 23(a) & (b)(3), the Court certified a class of:

> All consumers in the State of New York who were sent a collection letter by Defendant substantially similar to the Letter sent to Plaintiff for a Verizon Wireless account within one year prior to the filing of this action, and which was not returned as undeliverable, which letter included a collection fee for Verizon Wireless service which had not yet been incurred at the time the letter was sent.

*Butto v. Collecto Inc.*, 290 F.R.D. 372, 397 (E.D.N.Y. 2013).

After arms-length negotiations between all parties before Magistrate Judge A. Kathleen Tomlinson, the parties reached an agreement to settle the case on a class basis.

Thereafter, the Court preliminary approved the Settlement Agreement (the "Settlement Agreement") "subject to the right of members of the Settlement Class to be heard on the terms and the reasonableness of the Settlement at the hearing on final approval." (Doc. No. 93). The class administrator, First Class, Inc., sent the Class Notice to 18,793 individuals. *See* Affidavit of Bailey Hughes submitted herewith. The Class Notice approved by the Court provided class members all material terms of the class settlement:

> Relief to the Class: Defendant will establish a fund totaling $90,000. The fund will be divided on a pro rata basis to each class member who does not opt out of the class settlement and who returns the claim form. The amount that each class member will receive will depend on the number of Class Members that opt out and the number of Class members who return the claim form. No Class member will receive more than $1,000. To the extent that there are any funds not recovered or from un-cashed or expired settlement checks, such funds will be distributed to the Council of Economic Education, 122 East 42nd Street, New York, NY 10168, a charitable organization that focuses on financial literacy.
>
> Plaintiff Incentive Award: In recognition for her efforts on behalf of the class, Plaintiff Butto will receive an incentive award of $5,000, subject to Court approval.
>
> Attorneys' Fees and Costs: The Defendant will pay Class Counsel $95,000 in attorneys' fees and costs separate and apart from the class settlement fund, subject to Court approval.

(Taylor Declaration Exhibit B, part 3).

The response from class members has been overwhelmingly positive. There have been no valid objections to the class settlement.[1] 1,028 valid claim forms have been submitted from the class and there has been just one (1) request to be excluded. *See* Affidavit of Bailey Hughes.

---

[1] There was a single response from a class member (Ms. Cooper) seeking additional recovery on her own behalf. (Taylor Decl. ¶¶ 9-10; Taylor Ex. A). Ms. Cooper member also submitted a valid claim form (Bailey Aff. ¶10) and did not object to the settlement in the manner proscribed in the class notice by lodging such objection with the Court. Plaintiff does not construe Ms. Cooper's statement as an objection to the settlement itself beyond a limited request for additional funds to her. As such Plaintiff submits that it should not be treated as an objection by the Court or, in the alternative, be overruled for offering no basis to challenge the settlement.

2

## THE SETTLEMENT AGREEMENT

The proposed settlement provides remedies directly related to the primary relief under the FDCPA sought by the Class Representative, *i.e.*, the recovery of statutory damages. Under 15 U.S.C. §1692k(2)(B)(ii), the recovery of the Class is limited to the lesser of $500,000.00 or 1% of the net worth of the Defendant. Hence, the monetary recovery in many FDCPA class actions is — in a word— modest.

The terms of the Settlement Agreement (resubmitted as <u>Exhibit A</u> to the Declaration of Sergei Lemberg) which was preliminarily approved by the Court provides for the following significant monetary benefits to the class.

    a)    Collecto will establish a Settlement Fund in the amount of ninety thousand dollars ($90,000), which is the maximum and total amount Collecto shall be required to pay to the Class pursuant to the agreement;

    b)    The amounts in the Class Action Settlement Fund set forth above shall be distributed *pro rata* to all members of the Class who submitted valid claim form. 1,028 class members submitted valid claim forms and will each receive $87.54 as their *pro rata* share of the recovery;

    c)    Defendant has retained a Class Action Administrator, First Class Inc., at its cost, which provided notice to the class and will distribute the settlement funds to valid claimants; and

    d)    Any portion of the Class Members' Settlement Fund that remains unclaimed by the respective class members, either because the settlement check was returned as undeliverable or without a forwarding address, or because the settlement check remains uncashed 120 days after distribution, or because any funds otherwise remain after distribution, shall be paid to the Council of

>Economic Education, 122 East 42nd Street, New York, NY 10168 as a *cy pres* payment, as a cy pres payment. The Council of Economic Education provides economic and financial education to students from kindergarten through high school (*see* http://www.councilforeconed.org /about/).

Additionally, Collecto agrees to pay an incentive award of $5,000 to the Plaintiff for her services as the Class Representative. Collecto also agrees to make a separate payment of up to $95,000 to Class Counsel for attorney's fees and costs.

As more fully presented below, the Settlement Agreement is fair, reasonable and adequate to the Settlement Class.

I. **STANDARD OF REVIEW OF CLASS ACTION SETTLEMENTS**

With respect to approval of class action settlements Federal Rules of Civil 23 provides in pertinent part:

>"[t]he Court must direct notice in a reasonable manner to all class members who would be bound by the proposal. . . the Court may approve it only after hearing and on finding that the settlement. . . is fair, reasonable and adequate."

Fed. R. Civ. P. 23(e).

The approval of a proposed class action settlement is discretionary with the district court. *Flynn v. FMC Corporation*, 528 F.2d 1169 (4th Cir. 1975); *Girsch v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975); *Ace Heating & Plumbing Company v. Crane Company*, 453 Fd. 2d 30, 34 (3d Cir. 1971).

The Second Circuit has enumerated nine factors, known as the *Grinnell* factors, to guide courts in evaluating the fairness of a proposed settlement:

>(1) The complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of

4

>   reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).  The law "favors settlement of class actions" just as in other cases. *In re: Toys R Us Antitrust Litigation*, 191 F.R.D. 347, 350 (E.D.N.Y. 2000) (*quoting In re Gulf Oil/Cities Service Tender Offer Litig.,* 142 F.R.D. 588, 590 (S.D.N.Y. 1992)); *see also In re PaineWebber Ltd. P'ships Litig.,* 147 F.3d 132, 138 (2d Cir. 1998) (there is a "strong judicial policy in favor of settlements, particularly in the class action context.").  The central question raised by a proposed settlement of a class action is whether the compromise is fair, reasonable and adequate. *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982).

## II.  THE GRINNELL FACTORS ARE SATISFIED

### A.  The Complexity, Expense and Likely Duration of the Litigation

While the central legal question central in this case, the legality of Defendant's collection letter, was not complex factually, continued litigation would be very costly if the case is not settled. Prior to the Court's Order certifying a class, the parties were preparing for summary judgment briefing (Doc. No. 63, 64) which will continue were the matter not to settle.  Additionally, the net worth of the Defendant was disputed with the Defendant presenting evidence of a negative net worth and with Plaintiff identifying evidence of a higher net worth.  It is likely that a final adjudication would not take place for over a year and it is not clear that summary adjudication would be possible on the issue of class wide damages.  Accordingly, this factor favors approval of the settlement.

### B.  Reaction of the Class to the Settlement

The class's reaction to the settlement was extremely positive. The Notice informed class members of their rights under the settlement and all the material terms of the settlement, including

the recovery to the class on a pro-rata basis, the attorney fees award and class representative incentive award. (Class Notice (Taylor Ex. B) Part 3). 1,028 class members submitted valid claim forms, no class member submitted a valid objection and only one opted out; this positive response to the settlement is evidence of its fairness. *See Wright v. Stern,* 553 F.Supp.2d 337, 345 (S.D.N.Y.2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate."); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 475 (S.D.N.Y. 2013) (concluding class reaction was positive where none objected and eight of 1,735 members opted out); *Flores v. Anjost Corp.,* 2014 WL 321831, *5 (S.D.N.Y., Jan. 29, 2014) (approving settlement where no class member objected or opted out); *Guaman v. Ajna–Bar NYC,* 2013 WL 445896,*5 (S.D.N.Y., Feb. 5, 2013). Thus, the second *Grinnell* factor weighs in favor of final approval.

### C. The Stage of the Proceedings and the Amount of Discovery Completed

The parties engaged in protracted formal discovery to determine the class size and other key information needed to move for class certification and judgment or settlement. When evaluating the level of discovery completed, "[t]he pertinent question is 'whether counsel had an adequate appreciation of the merits of the case before negotiating.' " *Prasker v. Asia Five Eight LLC*, 2010 WL 476009, *5 (S.D.N.Y., Jan. 6, 2010). Class counsel has taken ample written discovery, compelled further responses were needed, received two detailed statements of the Defendant's net worth. In addition to written discovery, class counsel traveled to Massachusetts to take the deposition of the defendant's designated representative. Class counsel possesses sufficient knowledge to effectively evaluate the merits of the case and potential recovery at trial. Further, the stage of proceedings is late, discovery is closed and, but for settlement, dispositive motions and trial will be forthcoming. Given the late stage in the case and the comprehensive discovery taken,

this factor weighs in favor of final approval.

### D. The Risks of Establishing Liability

"Litigation inherently involves risks," both in establishing liability and damages. *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997), *aff'd*,117 F.3d 721 (2d Cir. 1997). Although Plaintiff believes her arguments in support of liability to be strong, Defendant disputed plaintiff's claims and believes that it would prevail at summary judgment. Moreover, the central legal issue, the legality of this letter, is one of first impression in this Court. Although the Class Representative believes that the claims she has raised are meritorious and would prove successful, the Class Representative recognizes that ultimate success on the merits is by no means assured. Thus, this factor favors approval of the settlement.

### E. The Risks of Establishing Damages

The bigger risk is continued litigation, from Plaintiff's perspective, is establishing damages. The Defendant maintains that it has a negative net worth therefore the statutory recovery to the class under the FDCPA would be nil. While Plaintiff disputes Defendant's contention, the risk in proceeding to trial on the damages question are significant as is the risk of the class recovering nothing should Defendant's net worth argument prevail. Therefore, this factor favors approval of the settlement.

### F. The Risks of Maintaining the Class Action through Trial

During trial, the unexpected does happen and must be taken into account, witnesses move or disappear. The vagaries of litigation must be taken into account in evaluating a settlement's reasonableness. The greatest risk class counsel sees in maintaining this case to trial is the additional passage of time. This case was filed over four years ago. Trial would likely not occur for well over a year. The class members submitting valid claim forms number over a thousand, undoubtedly some will move, lose contact or pass away before final adjudication absent settlement.

The risk to their recovery and the inherent risks in further litigation, weigh in favor of approving the settlement.

### G. The Ability of the Defendants to Withstand a Greater Judgment

As discussed above, Defendant has indicated a negative net worth in its responses to Plaintiff's discovery requests. While this is disputed by Plaintiff, under the net worth limitations set forth by the FDCPA, Plaintiff and the class would be barred from recovering a greater judgment than that set forth in the settlement should Defendant prevail on this argument. Furthermore, given the FDCPA's cap on statutory damages at $500,000 as a *maximum*, in class counsel's opinion, the possible benefit in pushing for more does not outweigh the risk to the class of receiving nothing at all. Therefore, this factor weighs heavily in favor of settlement.

### H. The Range of Reasonableness of the Settlement in Light of the Best Possible Recovery in Light of all the Attendant Risks and Opinions of Class Counsel

The final two factors weigh strongly in favor of approval of the settlement agreement. Defendant agrees to fund a settlement of $90,000 to the class. 1,028 class members submitted valid claim forms and will each receive $87.54 as their *pro rata* share of the recovery. This is substantially higher than what this Court has previously approved in FDCPA class actions. *See Passafiume v. NRA Grp., LLC*, 274 F.R.D. 424, 43 (E.D.N.Y. 2010) (preliminary approving class action settlement in FDCPA case where class members would receive $2.87 each).

The best conceivable recovery in this case is tied up with the Defendant's net worth and, therefore, is disputed. Given the inherent risks with future litigation, class counsel views the settlement figure of $90,000 as a boon to the class where little or no recovery is a possibility. This determination is based on counsel's significant experience in consumer class action cases. *See generally Zimmerman v. Portfolio Recovery Associates, LLC*, 2013 WL 1245552 (S.D.N.Y. Mar. 27, 2013); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *Seekamp v. It's*

*Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012). Thus, the final two *Grinnell* factors weigh in favor of final approval.

Because consideration of the *Grinnell* weighs in favor of approval of the Settlement Agreement, Plaintiff requests the Court grant this motion for final approval.

### III. THE INCENTIVE AWARD IS FAIR, REASONABLE AND SHOULD BE APPROVED

The incentive award of $5,000 to Ms. Butto is fair, reasonable and within the reasonable range of awards approved in other cases. *See Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814, *5-6 (E.D.N.Y., Feb. 9, 2006) (authorizing $5,000 incentive award); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005) (approving incentive award of $5,000 to three named plaintiffs) (collecting cases). Ms. Butto has been an active participant in this case for over four years. She has been readily available throughout for conferences, depositions, supplying documents and answering discovery. But for her efforts and desire to stick with this case on a class wide basis, class members would receive nothing. Additionally, the class has been notified and none have voiced any objection to their representative receiving a $5,000 award for her efforts on their behalf.

### IV. CLASS COUNSEL'S FEES AND COSTS OF $95,000 IS FAIR, REASONABLE AND SHOULD BE APPROVED

Plaintiff seeks $95,000 in fees and costs for class counsel's efforts on behalf of the class and the Plaintiff. As part of the settlement discussions before Magistrate Tomlinson, the parties agreed that Defendant would pay attorneys' fees and costs in an amount not to exceed $95,000 subject to Court approval. While the parties agreed on a maximum fee liability separate and apart from the award to the class, the Court has an obligation to ensure that the payment to class counsel is fair and reasonable.

9

The fees and costs here are fully justified. Congress intended that private individuals and their counsel be enlisted as the primary enforcement tool of the FDCPA. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) ("the FDCPA enlists the efforts of sophisticated consumers [] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others."). As the Ninth Circuit observed: "The FDCPA was intended to permit, even encourage, attorneys like Lemberg to act as private attorney generals to pursue FDCPA claims." *Evon*, 688 F.3d at 1031. To accomplish that goal, in a successful action the Act mandates an award of fees and costs to the prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); s*ee e.g.*, *Jacobson*, 516 F.3d at 95 ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs...."); *Woods v. Sieger, Ross & Aguire, LLC*, 2012 WL 1811628, at *5 (S.D.N.Y., May 18, 2012).

The Second Circuit has held that courts are to award counsel the "presumptively reasonable fee," which is determined by multiplying the reasonable hourly rate by the number of reasonably expended hours. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). As part of its reasonableness analysis the Court may consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).

---

[2] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson*,* 488 F.2d at 717-19.

10

### A. Reasonable Hourly Rate

Plaintiff seeks compensation at the following hourly rates:

| | |
|---|---|
| Sergei Lemberg, Esq. | $375 per hour |
| Stephen Taylor, Esq. | $275 per hour |
| Jennifer DeFrancisco, Esq. | $250 per hour |
| Paralegal Rate | $125 per hour |

The reasonable hourly rate is the "prevailing [hourly rate] in the community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). The relevant community "is the district where the district court sits." *Arbor Hill*, 522 F.3d at 190.

Hourly rates awarded in the Eastern District of New York generally range from $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for more junior associates. *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (citing cases); *Garland v. Cohen & Krassner*, 2011 WL 6010211, at *10 (E.D.N.Y. Nov. 29, 2011); *see also Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814, at *6 (E.D.N.Y., Feb. 9, 2006) (approving rate of $400 per hour in FDCPA class action).

Plaintiff requests the rate of $375 for Sergei Lemberg. This rate is fully justified by the skill, experience and reputation of Attorney Lemberg. He is a 2001 graduate of the University of Pennsylvania School of Law. He is licensed to practice before all of the state courts and federal district courts within New York, Connecticut and Massachusetts, as well as before the First, Second, Third, Ninth, Fifth and Eleventh Circuit Courts of Appeal. (Lemberg Decl. ¶ 2). He is admitted to federal bars of the District of Massachusetts, Eastern and Western Districts of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the Northern, Central and Southern Districts of Illinois; the District of Maryland; the Eastern and Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the Northern,

11

Southern, Eastern and Western Districts of New York; the Northern District of Ohio; the Northern, Eastern and Western Districts of Oklahoma; and the Western District of Texas). *Id.* He is also a member of the following state bars: Massachusetts, Connecticut, Georgia, New York and Pennsylvania. *Id*.

Mr. Lemberg has been approved class counsel on numerous occasions in FDCPA and non-FDCPA matters alike. *Id.* at ¶ 3; *Evon*, 688 F.3d at 1031 (FDCPA victory remanded from Ninth Circuit and now settled on class basis); *Butto v. Collecto Inc.*, 290 F.R.D. 372; *Douma v. Law Offices of Mitchell N. Kay P.C.*, S.D.N.Y. 09-cv-9957; *Waiters v. Collection Technology, Inc.*, S.D.N.Y. 10-cv-02514; *In re Chemtura Corporation, Bankr.*, S.D.N.Y. 09-11233 (Bankruptcy ERISA class claim with over $25 million in benefits accruing to the class); *Seekamp v. It's Huge, Inc.*, N.D.N.Y. 09-cv-00018 (Kahn, J) (automobile fraud class action on behalf of thousands of purchasers of fake insurance certificates).

Plaintiff seeks the rate of $275 for Stephen Taylor. Mr. Taylor was the lead associate on this case. He is a 2007 graduate of Tulane University School of Law and a 2003 graduate from Boston College. (Taylor Decl. ¶ 2). He is a former state court judicial clerk and worked for the Connecticut firm the Law Office of Norman Pattis before joining Lemberg & Associates in February 2009. *Id*. His practice with the Firm is focused on consumer class actions and other complex litigation. *Id*. ¶¶ 3-4. Mr. Taylor has extensive experience in all facets of class action litigation from investigations, discovery, dispositive motion practice, class settlement, and managing and overseeing the dissemination of class notices and class funds. *Id*.

Plaintiff seeks the rate of $250 for attorney Jennifer DeFrancisco. Attorney DeFrancisco is a 2010 graduate of Brooklyn law school. (Lemberg Decl. ¶ 15). She joined the firm in 2011 and is admitted to practice in the states of Connecticut and New York. *Id*.

Finally, Plaintiff requests billing rates of $125 per hour for the work of paralegals which is

reasonable for paralegals in this District. *See Tatum v. City of New York*, 2010 WL 334975, at *5 (S.D.N.Y., Jan. 28, 2010) ($125 per hour is a reasonable paralegal rate); *Hnot v. Willis Group Holdings Ltd.*, 2008 WL 1166309, at *3 (S.D.N.Y., Apr.7, 2008) ($150 per hour is reasonable for paralegals in this District).

### B. The Hours Expended are Reasonable

Plaintiff expended 397.2 hours in this case. As set forth in the time logs attached as Exhibit B to the Declaration of Sergei Lemberg time was expended initiating the case, drafting pleadings, communicating with opposing counsel, answering and propounding discovery requests, taking and defending depositions, consultations between counsel, and in extensive and time-consuming motion practice. The time expended represents a substantial investment of time and efforts on behalf of Plaintiff's counsel prosecuting the case on behalf of the class. Counsel's time submitted is as follows:

| | | |
|---|---|---|
| Stephen Taylor | 270.3hours at $ 275.00/hr for $74,332.50 | |
| Sergei Lemberg | 74.1hours at $ 375.00/hr for $27,787.50 | |
| Jenny DeFrancisco | 40.4hours at $ 225.00/hr for $9,090.00 | |

(Exhibit B to Lemberg Declaration page 5). The value of the time expended by counsel and staff is $112,547.50.

In addition, the FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. § 1692k(a)(3). " 'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.' " *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (*quoting United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)); *see also Miltland Raleigh–Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the

13

representation' of those clients."). Attached as <u>Exhibit C</u> to the declaration of Sergei Lemberg are counsels' accounts of out of pocket expenses including the court filing fee, process costs and court reporter fees totaling $1,743.20.

The attorneys' fees and costs in the amount of $95,000 under the Settlement Agreement is appropriate under the presumptively fee approach and is otherwise fair and reasonable. The actual amount billed plus the actual costs, $114,290.70, is in excess of the compromise fee amount agreed to. The fees reflect compensation to class counsel for their necessary efforts in litigating this case for over four years and successfully certifying a class action, gaining a favorable settlement to the class and administering and overseeing class dispersal. The class, having been notified of the award Plaintiff's counsel would seek, did not lodge any objections to the award. Accordingly, Plaintiff respectfully requests that the Court approve the attorneys' fee and cost provision of the Settlement Agreement and award class counsel $95,000 in fees and costs.

## **CONCLUSION**

For the foregoing, Plaintiff respectfully requests the Court 1) approve the Class Action Settlement Agreement as fair, reasonable and adequate, 2) order dispersal of the class settlement fund of $90,000 to class members who have submitted claim forms, 3) approve an incentive award of $5,000 to the lead Plaintiff, 4) approve $95,000 in attorneys' fees and costs to class counsel and 5) enter a final approval order.

Dated: October 21, 2014

Respectfully submitted:
 */s/ Sergei Lemberg*
Sergei Lemberg
 */s/ Stephen Taylor*
Stephen Taylor
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2014, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system which sent notice of such filing to the following:

Jonathan Elliot, Esq.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

                                                                */s/ Stephen Taylor*
                                                                Stephen Taylor