UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTORIA BUTTO, *on behalf of herself and* )
*all others similarly situated*, )
) Civil Action No.: 2:10-cv-02906(ADS)(AKT)
Plaintiff, )
)
-against- )
)
COLLECTO, INC. D/B/A EOS/CCA, )
)
Defendants. )
)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 07 2014 ★

LONG ISLAND OFFICE

### [PROPOSED] ORDER FOR: FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT

WHEREAS, an action is pending in this Court entitled Victoria Butto, et al. v. Collecto, Inc. d/b/a EOS/CCA, Case No. 2:10-cv-02906(ADS)(AKT) (the "Action");

WHEREAS, plaintiff Victoria Butto ("Plaintiff") having made an unopposed motion for an order final approving the settlement agreement of this Action, in accordance with the Class Action Settlement Agreement filed with the Court on March 19, 2014 (the "Settlement Agreement" or "Agreement" or "Settlement"), which sets forth the terms and conditions for a proposed settlement of the action and for dismissal of the action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement, Plaintiff's Motion for Final Approval of the Settlement and all accompanying papers;

WHEREAS, as a condition of the Settlement, Plaintiff, on behalf of herself individually and on behalf of each of the Settlement Class Members, has agreed to release any all claims arising under federal, state or common law as specified in the Agreement;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Agreement.

NOW THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:

1. For purposes of this action, the Court has subject matter and personal jurisdiction over the parties.

2. The proposed Settlement with the Defendant, which is reflected in the Settlement Agreement and incorporated by reference herein and made a part of this Approval Order, appears to have been negotiated at arms-length and appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, will not improperly grant preferential treatment to the class representative or segments of the class and falls within the range of possible approval which could ultimately be given final approval by the Court. The proposed Settlement appears to be fair, reasonable, adequate and in the best interests of the class when balanced against the probable outcome of further litigation relating to class certification, defenses, liability and damages, and will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

3. Having received no objections to the Settlement Agreement from the Class the Agreement is approved as in the best interests of the Settlement Class and as fair, reasonable and adequate.

4. The Court orders dispersal of the class settlement fund of $90,000 to the 1,028 class members who have submitted valid claim forms. Any portion of the settlement fund that remains unclaimed by the respective class members within 120 days after distribution shall be paid to the Council of Economic Education, 122 East 42nd Street, New York, NY 10168 as a *cy pres* payment.

5. The Court approves the incentive award of $5,000 to the lead Plaintiff for her services to the class.

6. The Court approves $95,000 in attorneys' fees and costs to class counsel as fair and adequate compensation for their services to the class representative and the class.

**IT IS SO ORDERED.**

Case Closed

Dated: 11/7/14

By: s/ Arthur D. Spatt
Arthur D. Spatt
United States District Judge